**Ronald WILLET, Sr.**

v.

**HASCAL & HALL, INC. and Travelers Insurance Company.**

Supreme Judicial Court of Maine.

March 26, 1971.

Paine, Cohen & Lynch, by William S. Cohen, Bangor, Richard H. Broderick, Lincoln, for plaintiff.

Mahoney, Desmond, Robinson & Mahoney, David C. Norman, Portland, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, and MARDEN, JJ.

WEATHERBEE, Justice.

The sole issue raised by this appeal is whether the Industrial Accident Commission erred as a matter of law in its allowance of an attorney's fee to the attorney for a petitioner before the Commission. We find that it did not.

On September 28, 1967 the attorney filed a petition for an award of compensation for his client who had sustained a personal injury by accident growing out of his employment. After considerable negotiation between the attorney and the insurance carrier, the carrier entered into a written agreement with the attorney for payment of compensation for total incapacity and the agreement was approved by the Commission on October 18, 1967. Compensation was paid by the carrier and is still continuing. On March 31, 1969 the employer filed a petition for review of incapacity.

In the intervening one and one half years the attorney had been required to continue performing professional services for his client in connection with the accident. These services consisted mainly of frequent correspondence between the attorney and his client, the attorney and the carrier and the attorney and the client's doctors regarding periodic medical reports and medical bills relating to the client's medical status and problems during the period of a year and a half until the carrier filed its petition for review of incapacity.

The attorney then prepared for this hearing and successfully defended his client's interests when the hearing took place in Augusta on September 16, 1970. The Commission found that the client was still totally disabled and compensation is continuing.

At this point the attorney and the carrier were unable to agree upon the amount of the fee to which the attorney was entitled for his services to his client and the attorney addressed a petition to the Commission asking that the Commission allow him a reasonable fee for his professional serv-

ices in his client's behalf and also for the presentation of this petition.

Hearing was had on this petition before a Commissioner at Augusta on November 11, 1969.

39 M.R.S.A. § 110 is the authority for the assessment of counsel fees by a Commissioner.

"When the commission or commissioner finds that an employee has instituted proceedings under this chapter on reasonable grounds and in good faith or that the employer through or under his insurance carrier has instituted proceedings under this chapter, the said commission or commissioner may assess the employer costs of witness fees and a reasonable attorney's fee, when in the commission's or commissioner's judgment the said witnesses and the services of the said attorney were necessary to the proper and expeditious disposition of the case."

■ The Legislature has placed with the Commission the duty of determining the justification for and reasonableness of a fee for the employee's attorney and of assessing the employer with that amount. While the Statute does not give the Commission an uncontrolled or arbitrary power, the amount to be allowed lies in the Commission's discretion and the Court should interfere only if this discretion is abused.

■ The Commissioner considered the evidence produced at the hearing. He found that the employee had instituted the original proceedings for compensation on reasonable grounds and in good faith and that the services of an attorney had been necessary to the proper and expeditious disposition of the case. These findings of fact by the Commissioner were supported by competent evidence and, fraud being absent, they are final. Bernier v. Coca-Cola Bottling Plants, Inc., Me., 250 A.2d 820 (1969).

The Commissioner had before him evidence as to the extent of the services performed by the attorney, since his employment by the employee following the accident of September 27, 1967, including the services which circumstances made necessary during the year and a half between the agreement for payment of compensation and the petition for review of incapacity, and the value to the client of these services. He was told of the time spent in preparation for hearings, in the 100 miles travel between the attorney's office and the hospital where his client was confined and in the much longer travel between the office and the place of the hearings in Augusta. He concluded that $750 would be a reasonable fee under the particular circumstances and ordered this amount paid to the attorney by the defendant or its carrier.

We find no abuse of discretion.

Appeal denied.

Ordered that there be paid by the Employer to the Employee a fee of counsel for this appeal in the amount of $350.00 plus cost of record.

MARDEN, J., sat at argument but retired before the adoption of this opinion.