### Delwyn McLELLAN

#### v.

### GEORGIA–PACIFIC CORPORATION.

Supreme Judicial Court of Maine.

Argued March 2, 1982.

Decided April 29, 1982.

Fletcher & Foster, David J. Fletcher (orally), Calais, for plaintiff.

Mitchell & Stearns, Kevin M. Cuddy (orally), Bangor, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

NICHOLS, Justice.

This appeal in a worker's compensation case points up the often critical difference between a record which may be adequate to obtain a pro forma decree in Superior Court from the more extensive record which an appellant may need to present to this Court in order to obtain the relief he is seeking on appeal.

Here the employee, Delwin McLellan, appeals from a decree of the Superior Court (Washington County) approving pro forma a decision by the Workers' Compensation Commission that denied his petition for further compensation. On appeal he raises three issues; these concern (1) the burden of proof on a petition for further compensation, (2) the evidence which may be adduced to prove a loss of earning capacity, and (3) the adequacy of the evidence to support this particular decision by the Commission.

Although the record on this appeal is seriously deficient, there is evidence enough there to support the Commission's legally correct conclusion that the employee failed to prove a decrease in earning capacity. We affirm the judgment below.

On May 8, 1978, McLellan injured his right wrist and right ankle while employed by Georgia-Pacific Corporation, at Woodland, as a heavy equipment operator. On February 5, 1979, the employee returned to work at Georgia-Pacific Corporation and, after it became apparent that the May 8, 1978, injuries impaired his ability to operate heavy equipment, he was assigned to light duty work. His hourly wage rate did not decrease; he received the same hourly wage that heavy equipment operators received. Before his injury McLellan worked approximately ten hours per week overtime. Company procedure dictated that overtime work be assigned to volunteers. After his injury McLellan worked almost no overtime and he never volunteered for overtime work.

In November, 1979, the employee, at age sixty-two years, retired from Georgia-Pacific Corporation. It is asserted that on May 28, 1980, the employee filed a petition for further compensation for partial disability after February 5, 1979, and until his retirement. The Commission denied the petition on June 3, 1981 and on August 21, 1981 issued supplemental findings of fact and conclusions of law pursuant to 39 M.R.S.A. § 99.

■ The record on this appeal does not contain the petition for further compensation or an approved agreement, although from the record it may be inferred that McLellan had received compensation at some point between the date of his injury and the date of his return to work. Nowhere does the record presented to us reflect that the employee received this compensation. We observe, however, that the Commission decree notes that a petition for further compensation was filed to initiate this action. M.R.Civ.P. 74(a) establishes the minimum record required in this Court on appeal from Superior Court pro forma decrees; it provides:

> The original papers and exhibits filed in the Superior Court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the Superior Court shall constitute the record on appeal in all cases.

See 39 M.R.S.A. § 103[1]; Martin v. Scott Paper Company, Me., 434 A.2d 514, 516 (1981). In Superior Court, on the other hand, all that must be filed by any party in interest to obtain a pro forma decree is:

> "copies, certified by the clerk of the commission[2], of any order or decision of the commission or of any commissioner, or of any memorandum of agreement approved by the commission, together with all papers in connection therewith".

39 M.R.S.A. § 103 (1978). A record adequate in Superior Court to obtain a pro forma decree under 39 M.R.S.A. § 103 may be insufficient in this Court to permit review of the appellant's case on appeal.

■ The appellant, not the clerk of the Commission nor the clerk of the Superior Court, has the responsibility of ensuring that a record which is complete enough for the disposition of the appeal is ultimately made in Superior Court to be transmitted here on appeal. See Field, McKusick & Wroth, Maine Civil Practice § 74.2 (Supp. 1981).

■ Materials that may frequently be necessary to the disposition of an appeal include the petition, answer, approved agreement[3], Commission decree, and a record of the testimony presented at the hearing before the Commission[4]. Where the record is inadequate to support an issue raised on appeal, the appeal must fail on

---

1. 39 M.R.S.A. § 103 was repealed by P.L.1981, c. 514, effective September 18, 1981. The same 1981 legislation created the Appellate Division of the Workers' Compensation Commission, from which there is a direct appeal to the Law Court. Id., § 6.

2. The requirement under 39 M.R.S.A. § 103 of certification of the order, decision or approved memorandum and not of all papers connected with the case, see Moreau v. Zayre Corporation, Me., 408 A.2d 1289, 1292 (1979), does not define the material to be included in the record on appeal.

3. See Marquis v. Keyes Fibre Co., Me., 428 A.2d 69, 70 n. 2 (1981); Smith v. Dexter Oil Company, Me., 432 A.2d 438, 441 n. 2 (1981).

4. See Martin v. Scott Paper Company, supra.

that issue. *See Madore v. Bangor Roof & Sheet Metal Company*, Me., 428 A.2d 1184, 1188 (1981). The Commission's jurisdiction in this case is based upon the petition for further compensation and an approved agreement, yet we must infer from the Commission's decision that those important documents exist.

The record, not the appendix, is the authoritative documentation of the proceedings below. We reiterate that the appendix should never contain material that is not in the record. M.R.Civ.P. 74C; *Martin v. Scott Paper Company, supra* at 517.

■ We next turn to the merits of the employee's appeal. The employee erroneously asserts that on a petition for further compensation, the employer has the burden of proving no loss of earning capacity. On the contrary, the employee, not the employer, has on a petition for further compensation the burden of proving the extent that the physical disability caused by the employment-related injury impairs his earning capacity. *Lelievre v. Pitt Construction, Inc.*, Me., 437 A.2d 636, 639 (1981).

■ The employee next asserts that the Commission's finding of no loss of earning capacity was erroneous because it was wholly based upon post-injury wages, an inaccurate measure of loss of earning capacity. As noted in its June 3, 1981 and August 21, 1981, decrees the Commission evaluated the following evidence of the employee's post-injury earning capacity: the employee's post-injury wages, his effort to earn those wages, and his personal decision not to volunteer for overtime work after his injury. Actual post-injury earnings are admissible on the issue of post-injury earning capacity and are strong evidence of that earning capacity. *Coty v. Town of Millinocket*, Me., 423 A.2d 524, 526 (1980). Under 39 M.R.S.A. § 55[5] the amount of compensation for partial incapacity is based upon a comparison of pre-injury wages and

post-injury earning ability. The Commission's conclusion that "under the circumstances of this case comparing pre-accident and post-accident earnings result [sic] in a proper application of the provisions of Paragraph 55 of the Act" was a proper exercise of its discretion to evaluate the evidence. *See Madore v. Bangor Roof & Sheet Metal Company, supra* at 1187.

This evidence amounts to competent evidence warranting our affirmance of the Commission's factual finding. *See Dunton v. Eastern Fine Paper Company*, Me., 423 A.2d 512, 518 (1980). The employee's attack upon the competency of the evidence must fail.

The entry is:

Appeal denied.

Judgment affirmed.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00 together with his reasonable out-of-pocket expenses for this appeal.

All concurring.

---

**5.** 39 M.R.S.A. § 55 (1978) provides in pertinent part:

While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal

to ⅔ the difference, due to said injury, between his average gross weekly wages, earnings or salary before the injury and the weekly wages, earnings or salary which he is able to earn thereafter ....