Raymond H. POMERLEAU

v.

UNITED PARCEL SERVICE & Liberty Mutual Insurance Company.

Supreme Judicial Court of Maine.

Argued Nov. 10, 1982.

Decided Feb. 11, 1983.

Marcou, Marcou, Blackwell & Ezhaya, Louis Marcou (orally), Waterville, for plaintiff.

Richardson, Tyler & Troubh, Davie O'Brien (orally), Portland, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ., and DUFRESNE, A.R.J.

GODFREY, Justice.

In December of 1980, Pomerleau made a claim for workers' compensation against his former employer, United Parcel Service. After two hearings, the Commission issued a decree on November 2, 1981, ordering that Pomerleau was "entitled to total compensation" based on a certain rate per week for the period September 25, 1980, through June 12, 1981. Reciting that no findings were being made "one way or the other" regarding the employee's work capacity after June 12, 1981, the decree contained no provision for any post-decree continuing benefits.

On November 23, 1981, Pomerleau moved in Superior Court, Kennebec County, for an enforcement order under 39 M.R.S.A. § 103–E to require the appellants to pay him a sum of money representing the total amount of his award.[1] He proceeded on the ground that appellants had the duty to pay him within ten days after the Commission decree by virtue of 39 M.R.S.A. § 104–A, which then provided as follows:

The employer or insurance carrier shall make compensation payments as follows:

1. Order or decision. Within 10 days after the receipt [of] notice of an approved agreement for payment of compensation or within 10 days after any order or decision of the commission awarding compensation. Payment shall not be suspended thereafter in the event of appeal to the law court from such order or decision as provided in section 103, except that the commission shall retain jurisdiction, pending the decision on appeal, to enter orders or decisions as provided in section 100. If the commission, after a review of incapacity under section 100, issues an order or decision denying compensation to an employee, compensation shall be suspended from the date of the commission's order or decision, notwithstanding any appeal of that order or decision to the law court as provided in section 103.[2] The employer

---

1. At that time, 39 M.R.S.A. § 103–E provided as follows:

   Any decision of the commissioners or the division shall be enforceable by the Superior Court by any suitable process including execution against the goods, chattel and real estate and including proceedings for contempt for willful failure or neglect to obey the orders or decrees of the court, or in any other manner that decrees for equitable relief may be enforced. (P.L. 1981, ch. 514, § 6, eff. Sept. 18, 1981.)

   Section 103–E was later amended by P.L. 1981, ch. 698 § 198, effective April 16, 1982, to add the following provisions for enforcement procedure:

   Any party in interest may present copies, certified by the clerk of the commission or of the division, of any order or decision of the commission or of the division, or of any memorandum of agreement approved by the commission to the clerk of courts for the county in which the injury occurred; or if the injury occurred without the State, to the clerk of courts for the County of Kennebec. Whereupon any Justice of the Superior Court

shall render a pro forma decision in accordance therewith and cause all interested parties to be notified. The decision shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though rendered in an action in which equitable relief is sought, duly heard and determined by the court. The decision shall be for enforcement of a commission decision, order or agreement; appeals from a commission decision, order or agreement shall be in accordance with section 103–B.

2. At the time Pomerleau brought his proceeding in Superior Court, the reference to appeal to the Law Court in subsection 1 of section 104–A had become anomalous, for section 103 had already been repealed in the legislation establishing the Appellate Division of the Workers' Compensation Commission. That legislation provided for appeals from Commission decisions to go to the division in the first instance instead of to the Law Court. P.L. 1981, ch. 514, §§ 5 & 6, eff. Sept. 18, 1981. The anomaly was eliminated by P.L. 1981, ch. 698, § 200, effective April 16, 1982, amending

or insurer may recover from an employee payments made pending appeal to the Law Court if and to the extent that the Law Court has decided that the employee was not entitled to the compensation paid. The commission shall have full jurisdiction to determine the amount of overpayment, if any, and the amount and schedule of repayment, if any. The commission, in determining whether or not repayment should be made and the extent and schedule of repayment, shall consider the financial situation of the employee and his family and shall not order repayment which would work hardship or injustice.

2. Failure. In the event of failure by the employer or insurance carrier to pay compensation as provided in this section a forfeiture not to exceed $25 for each day of noncompliance shall be assessed against the employer or the insurance carrier.

If any employer who is required to secure the payment to his employees of the compensation provided for by this Act, fails to do so, he shall be guilty of a Class D crime. Failure of any employer, after imposition of the foregoing penalty, to secure the payment of compensation under this Act after notice by the commission to that employer to do so shall, as to each such notice, be deemed a further violation in respect thereof and the same punishment shall be imposed. If that employer is a corporation, the president or treasurer, or both, shall be liable for that punishment.

Soon after Pomerleau sought enforcement of the award in Superior Court, the appellants appealed the award to the Appellate Division of the Commission pursuant to 39 M.R.S.A. § 103–B. That appeal was pending when the Superior Court ruled on January 25, 1982, that section 104–A(1) applied to Pomerleau's award and ordered payment of benefits to him in compliance

with the Commission decree of November 2, 1981. The court also ordered the employer to pay the state treasurer one dollar for each day from November 12, 1981 to the date of payment, as a forfeiture for the delay in payment.

The Superior Court applied the plain language of the first two sentences of section 104–A, set forth above, to require payment pending appeal even though the award was not of post-decree, ongoing compensation. Appellants contend that that ruling was erroneous. They argue that the language, history and purpose of section 104–A require construing the language "any order or decision of the commission awarding compensation" to include only an order or decision awarding post-decree, ongoing compensation. We are not persuaded by the appellants' reasons for importing that limitation into the general language of the statute.

The appellants advance two arguments derived from the language of section 104–A. First, they contend that the use of the plural form "payments" in the fourth sentence of subsection 1 (providing for recoupment of payments made pending appeal) manifests a legislative intent that the compensation referred to in the first sentence be an award of ongoing post-decree benefits. While their argument may be persuasive that the Legislature had such benefits in mind in enacting section 104–A, it does not follow that the plain general language of the first sentence of section 104–A must refer only to such benefits.

The appellants' second argument rests on the provision of former section 103 for interest pending appeal. They contend that the former reference to section 103 in the third sentence of section 104–A(1) shows that in providing for payments pending appeal the Legislature had in mind ongoing benefits, not a sum-certain award for pre-

section 104–A to refer to appeals to the Appellate Division under section 103–B and appeals

from the division to the Law Court under section 103–C or 103–D.

decree incapacity. The argument is as follows: Compensation payments pending appeal have been required by section 104–A since 1977.[3] In 1981, a recoupment provision was added to section 104–A, providing for recovery of payments by the employer if his appeal succeeds.[4] During the time between the enactment of section 104–A and its amendment to include the recoupment provision, there existed a provision in former section 103 which read:

In cases where after appeal by an employer the original order or decision rendered by the commission . . . is affirmed, there shall be added to any amounts payable under said order or decision, the payment of which is delayed by such appeal, interest to the date of payment.[5]

That provision for interest had been a part of the appeal statute since 1929.[6] The appellants argue that the continued existence of that provision from 1977 to 1981 suggests that the Legislature had in mind some category of payment that was not required to be made pending appeal, but to which a liability for interest would attach if the appeal were denied. The appellants ask this Court to infer that the category in question must have consisted of compensation payments for pre-decree incapacity, and that the Legislature must have intended to distinguish between pre-decree and post-decree benefits, requiring only awards of the latter to be paid pending appeal.

We agree with the Superior Court that the argument lacks merit. Rather than having the significance appellants attribute to it, the continuation in section 104–A of the reference to section 103 was more likely to have been the result of legislative oversight.[7] Moreover, section 103 was totally repealed in 1981, and the provision for interest on awards pending appeal disappeared with it.

■ The exact purpose of the pay-pending-appeal provision of section 104–A presents a more difficult question. Broadly speaking, the main purpose of the provision requiring benefits to be paid pending appeal where the employee has prevailed before the Commission, is to prevent the employee from being placed under severe economic pressure by nonpayment, forcing him to settle the claim at a lesser amount while the appeal is pending. Appellants argue that that purpose is not served by requiring the employer to pay pre-decree benefits awarded in the form of a sum certain. However, it is not obvious that the Legislature would have wanted to treat pre-decree benefits pending appeal differently from post-decree benefits. Appellants' reasoning seems to be that injured employees without continuing incapacity do not need their pre-decree sum-certain awards as urgently as employees with continuing incapacity need their ongoing payments. Even if that proposition be generally true, it does not suffice as a basis for ignoring the plain language of the statute.

The award of pre-decree compensation amounts to a decision by the Commission that the employee had a work-related disability that diminished his earning capacity for some period. Such an employee may have gone into debt or used up savings to get through the period between his injury and the award of compensation. The Legislature could have reasonably supposed that such an employee might be in great

3. P.L. 1977, ch. 333 (effective October 24, 1977).

4. P.L. 1981, ch. 485 (effective September 18, 1981). That provision was added in response to *American Mut. Ins. Cos. v. Murray,* 420 A.2d 251 (Me.1980).

5. 39 M.R.S.A. § 103 (1978), *repealed by* P.L. 1981, ch. 514, § 5 (effective September 18, 1981).

6. P.L. 1929, ch. 300, § 40.

7. See note 2 *supra.*

need of prompt payment even though the employer is appealing the decree. It is therefore possible that the generality of the statutory language was intentional.

Contrary to the assertions of both parties to this appeal, nothing in the legislative debates or in prior opinions of this Court is helpful in ascertaining the precise scope of section 104–A. The language of the section on its face requires prompt payment of the award. The arguments for limiting the application of that language are not persuasive.

The entry is:

Judgment affirmed.

All concurring.