**Linda M. RYERSON**

v.

**PRATT & WHITNEY AIRCRAFT et al.**

Supreme Judicial Court of Maine.

Argued June 4, 1985.

Decided July 12, 1985.

Berman, Simmons & Goldberg, Paul F. Macri (orally), John E. Sedgewick, Lewiston, for plaintiff.

Richardson, Tyler & Troubh, Eve H. Cimmet (orally), Kevin M. Gillis, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

McKUSICK, Chief Justice.

This case raises the novel question whether the Superior Court may enforce a Workers' Compensation Commission order awarding medical expenses to an employee during the period an appeal from that order is pending before the Appellate Division or the Law Court. We conclude that section 104–A of the Workers' Compensation Act [1] compels an affirmative answer.

On March 25, 1983, employee Linda M. Ryerson filed with the Workers' Compensation Commission a petition for award of compensation. The hearing commissioner on February 3, 1984, granted her petition, based on a finding that she had sustained a back injury in the course of her employment with employer Pratt & Whitney Aircraft. On June 5, 1984, the commissioner made detailed findings of fact and conclusions of law. On the following day, June 6, Pratt & Whitney filed a notice of appeal to the Appellate Division of the Workers' Compensation Commission.

On May 24, 1984, employee Ryerson filed a motion to fix the amount to be allowed to her for medical expenses incurred in connection with her back injury. On December 6, 1984, the commissioner set that sum at $19,961.58 plus statutory interest. Pratt & Whitney also appealed that award to the Appellate Division. To date, the Appellate Division has heard argument on neither of the employer's appeals.

When the employer refused to pay the medical expenses within 10 days after the commissioner's order of December 6, 1984, fixed those expenses, Ryerson pursuant to section 103–E initiated an enforcement proceeding in the Superior Court (York County) by filing a certified copy of that medical payments order. The Superior Court under the mandate of section 103–E issued a pro forma decree awarding the employee $19,961.58 for medical expenses plus interest, precisely in accordance with the commissioner's order. Before this court, Pratt & Whitney challenges that pro forma decree on the sole ground that it is not required to pay medical expenses while its appeal on the merits of the award is pending in the Appellate Division.

### I.  *Ripeness for Appeal from Superior Court*

In this case, as was also true in *Pomerleau v. United Parcel Service*, 455 A.2d 950 (Me.1983), the only question is one of the *timing of enforcement* by the Superior Court of a single commissioner's order when an appeal from that order is pending before the Appellate Division of the Workers' Compensation Commission. In *Pomerleau*, the employer took an appeal to the Law Court from a Superior Court order, entered pursuant to section 104–A(2), that required the employer to pay a forfeiture of $1 for each day of its noncompliance with the underlying commissioner's decision. Since in the case at bar, however, the Superior Court has so far rendered only the pro forma decree that section 103–E mandates be issued automatically whenever any interested party files a certified copy of a hearing commissioner's order, the Superior Court here has not performed any judicial decisionmaking on the critical issue whether the time has arrived when coercive action may be taken to enforce that commission order. By section 103–E, the pro forma decree entered ministerially by the Superior Court was the mere start of the enforcement proceedings in this case, and did not involve the merits of the commission's order. The enforcement process itself is as yet incomplete, employee Ryerson having still not activated available Superior

---

**1.** All section references in this opinion are to the Workers' Compensation Act, 39 M.R.S.A.

§§ 1–195 (1978 & Pamph.1979–1984).

Court mechanisms for obtaining satisfaction under the pro forma decree. *See* §§ 103–E, 104–A(2). For that reason, in contradistinction to *Pomerleau,* this present appeal is technically premature. *Cf. City of Augusta v. Town of Alna,* 343 A.2d 9, 11 (Me.1975) (judgment leaving issue of damages unresolved not appealable).

■ Nonetheless, to dismiss the present appeal to await the Superior Court's direction or refusal of a per diem forfeiture or other coercive action against the employer, would in the present circumstances violate principles of judicial economy and would serve only to delay the rendition of justice to the parties now before us. The question whether the medical payments order is enforceable during the pendency of the appeal to the Appellate Division is a pure question of law. The parties have fully briefed and argued that question before us. The heated controversy that exists between these parties over that question makes certain that sooner or later we will have to resolve it. Since we can at this time eliminate the substantial, unnecessary expenditure of the parties' and the courts' time and energy that would certainly follow a dismissal of this appeal, it is appropriate for us now to dispose finally of the legal question here presented.[2] *See State v. Maine State Employees Association,.*

482 A.2d 461, 464–65 (Me.1984) (interests of judicial economy may justify an exception to the final judgment rule). Our entertaining appeals in the limited circumstances of this case or of *Pomerleau* does not represent any retreat from the principle declared in *Wilner Wood Products Co. v. Moyse,* 466 A.2d 1257 (Me.1983), that appeals from commission orders shall be exclusively to the Appellate Division. *Pomerleau* and this case do not involve the merits of commission orders, but rather concern only the question whether the Superior Court may proceed with enforcement of such an order under section 104–A, despite the pendency in the Appellate Division of an appeal on the merits of that order.

## II. Time for Enforcement of Medical Expenses Award

■ Section 104–A of the Workers' Compensation Act requires an employer to pay any "compensation" ordered by the commission within 10 days after the commission's order, regardless of the pendency of an appeal by the employer to the Appellate Division or to the Law Court.[3] The employer argues that the word "compensation" in section 104–A does not comprehend the medical payments that it has been ordered to pay under section 52, and that as a result it has no obligation to make pay-

**2.** This exception to the final judgment rule will not normally be available hereafter to immediate appeals from pro forma decrees since this opinion gives notice that such decrees entered by the Superior Court under section 103–E are not appealable judgments.

**3.** 39 M.R.S.A. § 104–A provides in pertinent part:
   *The employer* or insurance carrier *shall make compensation payments* as follows:
   1. *Order or decision.* With regard to injuries occurring prior to January 1, 1984, within 10 days after the receipt of notice of an approved agreement for payment of compensation, or with regard to injuries occurring after December 31, 1983, within the time limits specified in section 51–B, or *within 10 days after any order or decision of the commission awarding compensation. Payment shall not be suspended thereafter in the event of appeal to the Appellate Division as provided in section 103–B* or, if the division finds that the employ-

ee is entitled to compensation, in the event of appeal to the Law Court from a decision of the division as provided in section 103–C, except that the commission shall retain jurisdiction, pending the decision on appeal, to enter orders or decisions as provided in section 100. ... The employer or insurer may recover from an employee payments made pending appeal to the Appellate Division or pending report or appeal to the Law Court if and to the extent that the Appellate Division or the Law Court has decided that the employee was not entitled to the compensation paid. ...
   2. *Failure.* Except as otherwise provided by section 51–B, subsection 9, in the event of failure by the employer or insurance carrier to pay compensation as provided in this section a forfeiture not to exceed $25 for each day of noncompliance shall be assessed against the employer or the insurance carrier.
   .... (Emphasis added)

ments to the employee in the present case unless and until it has unsuccessfully exhausted its appellate remedies.

We considered and rejected a similar contention in *Pomerleau v. United Parcel Service*, 455 A.2d 950. The employer in that case took the position that section 104–A applied only to ongoing benefit payments accruing after the commission's decree, and not to a sum certain awarded for pre-decree incapacity. We held there that there was no apparent legislative intent to treat pre-decree benefits any differently from post-decree benefits and that section 104–A, which in terms applies comprehensively to any and all "compensation," should be construed in accordance with the ordinary meaning of its words. We went on to observe that, even if true, the proposition that some payments may not be needed as urgently as others does not provide a sufficient basis for disregarding the plain language of the statute.

The analysis of *Pomerleau* is equally applicable to the case at bar. Section 104–A provides for payment pending appeal of "compensation" "with regard to injuries," which medical payments clearly are. It is just as true in this case as it was for pre-decree benefits in *Pomerleau* that an employee may suffer economic hardship when the employer does not pay medical expenses. As in *Pomerleau*, that hardship may improperly pressure the employee into settling a workers' compensation claim for less than its fair worth.

Other sections of the Workers' Compensation Act also support our conclusion that medical payments are to be considered "compensation" within the intendment of the comprehensive statutory scheme. Section 51–B, entitled "early-pay system," cre-

ated a "compensation payment scheme" including, *inter alia*, "[c]ompensation for medical expenses and other services under section 52. . . ." § 51–B(4). The term compensation is used throughout section 51–B as a generic reference to all payments made by an employer at the direction of the commission, including payments for medical expenses under section 52. Section 104–A, providing for payment of compensation pending appeals from a commissioner's decision, expressly refers to section 51–B as providing applicable time requirements for the payment of compensation. That reference exemplifies the unity of the statutory scheme and can be thought to incorporate into section 104–A the various categories of payments considered to be compensation in section 51–B, including payments for medical expenses. It further demonstrates a legislative awareness of the interrelationship between the two sections. Rule 10.3 of the recently promulgated Workers' Compensation Commission Rules and Regulations, that became effective January 29, 1985, also treats payments for medical expenses as compensation.[4]

█ As a factor bearing on legislative intent, the employer argues that it has no statutory or practical way of recovering medical payments that an appellate tribunal may ultimately hold not to be due from it and that therefore the legislature must have intended medical payments to be treated differently from compensation for lost earnings paid to the employee. We find nothing in that argument to override the plain meaning of the language used in the Workers' Compensation Act. It is by no means clear that the fourth sentence of section 104–A(1)[5] excludes recoupment from the employee of medical expense com-

---

4. That rule provides in full:

  10.3 If the employer denies entitlement to compensation for medical or other services it must file with the commission in Augusta a Notice of Controversy within 90 days after compensation for such expenses has been requested by the worker.

5. The recoupment provision of section 104–A(1) reads as follows:

  The employer or insurer may recover from an employee payments made pending appeal to the Appellate Division or pending report or appeal to the Law Court if and to the extent that the Appellate Division or the Law Court has decided that the employee was not entitled to the compensation paid.

pensation paid pending appeal of an erroneous medical payment order. In any event, the practical and legal difficulties of recovering the medical payments were presumably well known to the legislature when it comprehensively directed that "compensation" without limitation was due and payable within 10 days after a commission order. If a policy different from that laid down by that clear language is to be adopted, it is the legislature that should do it by amending section 104–A to make an express exclusion of compensation for medical expenses.

The present plain language of the comprehensive statutory payment scheme in sections 104–A and 51–B requires that medical services under section 52 be paid for pending an appeal by an employer to the Appellate Division. The Superior Court may enforce forthwith the commission's order requiring the employer to pay the medical expenses of the employee Ryerson.

Judgment affirmed.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00, together with reasonable out-of-pocket expenses for this appeal.

All concurring.