### Lonney R. CILLEY
### v.
### GEORGIA–PACIFIC CORPORATION.

Supreme Judicial Court of Maine.

Argued Nov. 20, 1986.
Decided Dec. 23, 1986.

Stern, Goldsmith & Billings, Jerome G. Goldsmith, Bangor, for plaintiff.

Cuddy & Lanham, Kevin M. Cuddy (orally), Elizabeth A. Williams, Bangor, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

■ Georgia-Pacific Corporation appeals from a judgment of the Superior Court, Penobscot County, ordering the corporation to pay compensation benefits to Lonney R. Cilley as awarded by the Workers' Compensation Commission pursuant to 39 M.R.S.A. § 103–E (Pamph.1986) and assessing a per diem penalty for nonpayment pursuant to 39 M.R.S.A. § 104–A (Pamph.1986). Georgia-Pacific contends that a decision of the commission is not enforceable in Superior Court while a request for findings of fact pursuant to 39 M.R.S.A. § 99 (Pamph.1986) is pending before the commission. Because we conclude that ultimate finality is not a prerequisite for enforcement of an order or decision of the commission, we affirm the judgment.

■ Georgia-Pacific asserts that a motion for findings of fact and conclusions of law destroys the finality of the commission's order, and therefore it is under no obligation to pay until the findings and conclusions are filed. Section 104–A of the Workers' Compensation Act requires an employer or insurance carrier to make compensation payments "within 10 days after any order or decision of the commission awarding compensation" and provides for a forfeiture not exceeding "$25 for each day of noncompliance." Although section 104–A expressly prohibits the suspension of payments pending appeal, its application is not thereby limited to "final" orders or decisions. The Legislature could not have been unaware that section 99–B requires a *decision* within 30 days but imposes no deadline on findings of fact requested pursuant to section 99. The circumstance that by virtue of a section 99 request for findings of fact and conclusions of law a Commissioner may render a different decision does not render the original decision unenforceable. To conclude otherwise would substantially frustrate the Legislature's goal of ensuring prompt payment of compensation. We hold therefore that section 104–A mandates payment of compensation within ten days after any order or decision without regard to the pendency of a request for findings of fact and conclusions of law. *Cf. Ryerson v. Pratt & Whitney Aircraft*, 495 A.2d 808, 811 (Me.1985) (order awarding medical expenses enforceable pursuant to § 103–E during period an appeal is pending); *Pomerleau v. United Parcel Service*, 455 A.2d 950, 954 (Me.1983) (order imposing forfeiture pursuant to § 104–A proper during period an appeal is pending).

The entry is:
Judgment affirmed.
All concurring.