Paul LUCAS

v.

E.A. BUSCHMANN, INC. et al.

Supreme Judicial Court of Maine.

Argued Sept. 23, 1994.

Decided March 31, 1995.

Justin W. Leary (orally), Laskoff & Sharon, Lewiston, for Employee.

Brenda Piampiano (orally), Piampiano & Gavin, Portland, for Employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

DANA, Justice.

E.A. Buschmann, Inc., appeals from decisions of the Workers' Compensation Board awarding attorney fees to its employee, Paul Lucas, and penalizing Buschmann for its failure to pay the fees awarded during the pendency of an appeal from that order. We conclude that the failure to pay the attorney fee award was not a failure to pay "compensation" pursuant to 39 M.R.S.A. § 104–A. The Board was not authorized to award a penalty for the employer's failure to pay attorney fees during the pendency of the appeal or to award counsel fees to the employee for the penalty proceeding. We affirm, however, the award of attorney fees in connection with the underlying dispute.

The employee, Paul Lucas, suffered a compensable injury in 1989, while employed at Buschmann. Buschmann and its insurer, Commercial Union Insurance Company, accepted liability for the injury and initially paid total incapacity benefits. In 1991 the Workers' Compensation Commission granted Buschmann's petition for review and discontinued incapacity payments, finding that Lucas was earning more income in his post-injury employment than he had earned prior to his injury. In the same decree, however, the Commission granted Lucas's petition to determine his average weekly wage, increasing it from $262.60 to $276.55. This resulted in an award of $455 for the employee (an additional $9.30 per week for a period of roughly 49 weeks) which Buschmann promptly paid.

Because Lucas prevailed on his petition to determine his average weekly wage, Lucas filed a motion seeking attorney fees. Although Lucas requested attorney fees of $5,253.75, the Commission originally awarded $3,942.75. On Buschmann's appeal the Appellate Division vacated the award, finding insufficient findings of fact to support it. On remand the Board awarded $1,760.25. Because Buschmann had not paid the original attorney fees award of $3,942.75 within ten days of the order, Lucas filed a petition for forfeiture with the Abuse Investigation Unit which concluded that Buschmann was delinquent in paying the award and recommended a $500 penalty. Buschmann refused to accept the recommendation and the matter was referred for a hearing. On the same day that the Board reduced the attorney fee award to $1,760.25, it granted Lucas's petition for forfeiture and assessed a fine of $500 plus additional attorney fees in the amount of $813.90 for successfully pursuing the petition for forfeiture. Buschmann appeals from both decisions of the Board, contending the award of $1,760 is still excessive and that it should not be subject to a penalty for its failure to pay attorney fees during the pendency of the appeal.

■ We note that "the rights of a party under the Workers' Compensation Act are purely statutory," *Lavoie v. International Paper Co.*, 403 A.2d 1186, 1191 (Me.1979), and that the Board has no authority to order a penalty against a party other than that which is expressly provided by the Act. *See Jordan v. Sears, Roebuck & Co.*, 651 A.2d 358, 362 (Me.1994); *Cote v. Georgia–Pacific Corp.*, 596 A.2d 1004 (Me.1991). The controlling statute in this appeal is section 104–A, that provides in pertinent part:

The employer or insurance carrier shall make compensation payments as follows:

**1. Order or decision.** With regard to injuries ... within 10 days after any order or decision of the commission awarding compensation. Payment shall not be suspended thereafter in the event of appeal....

**2–A. Failure to pay within time limits.** An employer or insurance carrier who fails to pay compensation, as provided in this section, shall be penalized as provided in this subsection.

**A.** ... [I]f an employer or insurance carrier fails to pay compensation as provided in this section, the commission shall assess against the employer or insurance carrier a forfeiture of up to $100 for each day of noncompliance.

39 M.R.S.A. § 104–A (1989).[1]

■ Buschmann contends that an award of attorney fees is not an award of "compen-

---

1. Former Title 39 has been repealed and replaced by Title 39–A. *Maine Workers' Compensa-*

sation" "with regard to injuries" for purposes of section 104–A, and therefore it was error for the Board to order a forfeiture for its failure to pay the fees during the pendency of the appeal. We agree. In *Pomerleau v. United Parcel Serv.*, 455 A.2d 950, 953 (Me. 1983), we noted that the legislative purpose for requiring the payment of benefits during an appeal "is to prevent the employee from being placed under severe economic pressure by nonpayment, forcing him to settle the claim at a lesser amount while the appeal is pending." *Id.* at 953–54. *See also* Statement of Fact, L.D. 375 (108th Legis.1977). Similarly, in *Ryerson v. Pratt & Whitney Aircraft*, 495 A.2d 808, 811–12 (Me.1985), we held that, for purposes of section 104–A, the word "compensation" includes payment of medical expenses. Noting that the phrase "compensation payment scheme" in section 51–B(3) & (4) includes "compensation" for "medical expenses, aids and other services under section 52," we concluded in *Ryerson* that the term "compensation" in section 104–A includes medical payments made during the pendency of an appeal. *Id.* at 811. Relying on *Pomerleau*, we noted further that

> [s]ection 104–A provides for payment pending appeal of "compensation" "with regard to injuries," which medical payments clearly are. It is just as true in this case as it was for pre-decree benefits in *Pomerleau* that an employee may suffer economic hardship when the employer does not pay medical expenses. As in *Pomerleau*, that hardship may improperly pressure the employee into settling a workers' compensation claim for less than its fair worth.

*Id.*

■ We find no basis, however, in the statute or in the underlying policy of the Act to suggest a legislative intent to treat attorney fees as "compensation" for purposes of section 104–A. In interpreting the plain meaning of statutory language, we consider "the whole statutory scheme of which the section at issue forms a part so that a harmo-

nious result, presumably the intent of the Legislature, may be achieved." *Parker v. Bath Iron Works Corporation*, 644 A.2d 1037, 1039 (Me.1994) (quoting *Davis v. Scott Paper Co.*, 507 A.2d 581, 583 (Me.1986)). Our analysis of the Act as a whole suggests that the Legislature has consistently viewed attorney fees as separate and distinct from "compensation." The term "compensation" is typically used in the Act to refer to compensation received *by the employee. See e.g.,* 39 M.R.S.A. §§ 51(1), 54–B, 55–B, 56–B, 58 (1989). Attorney fees, by contrast may be more appropriately characterized as compensation for the attorney, not the employee. Indeed, we have stated that the legislative purpose in requiring the employer to bear the employee's cost of appeal is to prevent the employee's compensation from being diminished by attorney fees. *Gordon v. Maine Reduction Co., Inc.*, 358 A.2d 544, 551 (Me. 1976) (interpreting former section 103). Section 104–A refers not merely to "compensation," but "compensation" "with regard to injuries." 39 M.R.S.A. § 104–A(1) (1989). Section 110 describes witness and attorney fees as "costs" and does not use the term "compensation." 39 M.R.S.A. § 110 (1989). These provisions reflect a legislative understanding that "compensation" refers to benefits that "compensate" employees for their injuries, while attorney fees are "costs" of litigation to be borne by the parties according to separate provisions of the Act.

Lucas contends that this conclusion is inconsistent with our decisions in *Ryerson* and *Pomerleau*. We disagree. Unlike medical expenses, attorney fees are not benefits directly related to the injury, but are more accurately described as costs associated with processing the employee's claim for benefits. In *Ryerson* and *Pomerleau* we were guided by a legislative intent to prevent economic hardship and undue pressure on the employee to settle when the employer does not pay an award until after a lengthy appeal. Because the attorney is prohibited by the Act from receiving fees directly from an employee, Lucas does not suffer an economic hard-

*tion Act of 1992*, P.L.1991, ch. 885, § A–7 (effective January 1, 1993). Because the proceeding was pending on the effective date of Title 39–A, this appeal is governed exclusively by former

Title 39 and does not implicate the new Act. *Riley v. Bath Iron Works Corporation*, 639 A.2d 626, 627–28 (Me.1994).

ship if his counsel has to wait until after the appeal to receive an award of attorney fees. 39 M.R.S.A. §§ 103–B(4) & 110(2) (1989). The Act permits an employee to bring an action in the Superior Court to enforce any Board decision, order or award, including an award of fees and therefore, contrary to Lucas's contention, this interpretation of section ·104–A does not leave employees without a method of enforcing their attorney fee award. 39–A M.R.S.A. § 323 (Supp.1994); 39 M.R.S.A. § 103–E (1989).

 Buschmann contends that there was no "controversy" concerning the average weekly wage and therefore the Commission erred in awarding attorney fees for the successful resolution of the employee's petition. *See Ayotte v. United Services, Inc.,* 567 A.2d 430, 433–34 (Me.1989). Based on the record before us, however, it is impossible to conclude that a dispute did not exist, and therefore "[w]here the record is inadequate to support an issue raised on appeal, the appeal must fail on that issue." *McLellan v. Georgia–Pacific Corp.,* 444 A.2d 427, 429–30 (Me. 1982); *Madore v. Bangor Roof & Sheet Metal Co.,* 428 A.2d 1184, 1188 (Me.1981) ("Bald factual assertions in a brief are not appropriate substitutes for the record on appeal").

 Buschmann next contends that the award of $1,760 attorney fees is excessive and contravened the Commission's rules. Our review of an attorney fee award is deferential:

> The legislature has placed with the Commission the duty of determining the justification for and the reasonableness of a fee for the employee's attorney and of assessing the employer with that amount. While the statute does not give the Commission an uncontrolled or arbitrary power, the amount to be allowed lies in the commissioner's discretion and the Court should interfere only if this discretion is abused.

*Ayotte,* 567 A.2d at 432–33 (quoting *Willet v. Hascal & Hall, Inc.,* 275 A.2d 247, 248 (Me. 1971)). We find no abuse of discretion.

The entry is:

Decision of the Workers' Compensation Board dated 10/26/93, granting the employee's motion for forfeiture for failure to pay attorney fees during the pendency of the appeal and awarding an additional fee, is vacated.

Decision of the Workers' Compensation Board dated 10/26/93, awarding $1,760.25 in attorney fees, is affirmed.

All concurring.