David **CAMPBELL**

v.

**SCHOOL ADMINISTRATIVE DISTRICT NO. 59.**

Supreme Judicial Court of Maine.

Argued May 1, 1995.

Decided May 30, 1995.

Anthony P. Shusta, II (orally), Corson & Shusta, P.A., Madison, for employee.

Daniel F. Gilligan, Michael Richards (orally), Troubh, Heisler & Piampiano, P.A., Portland, for employer.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

School Administrative District No. 59 (S.A.D. 59) appeals from a decision of the Workers' Compensation Board granting David Campbell's motion for attorney fees. S.A.D. 59 contends that it is entitled to a lien against a third-party settlement for the attorney fees it was required to pay to the employee's attorney. 39 M.R.S.A. §§ 68, 110 (1989). Because we disagree, we affirm the decision of the Board.

David Campbell was injured in a work-related car accident while in the employ of S.A.D. 59. Campbell filed a petition for award of compensation. He also brought a personal injury action against the driver responsible for the accident in which he was injured and recovered a settlement of $40,-000. After hearings and discovery, S.A.D. 59 accepted liability for the injury and filed a memorandum of payment. The parties agreed that S.A.D. 59 is entitled to a continuing lien of $14,500 after deduction of costs. Campbell filed a motion for attorney fees incurred in prosecuting his petition for award of compensation. The Board granted the motion, ruling that S.A.D. 59 was not entitled to a lien for the fees. We granted the employer's petition for appellate review pursuant to 39-A M.R.S.A. § 322 (Supp.1994).

As section 110[1] was originally enacted in 1965, the employer was required to pay the employee's attorney fees in any workers' compensation proceeding brought by the employee in good faith. P.L.1965, ch. 408, § 11. The legislative purpose for shifting fees in workers' compensation proceedings was to prevent the employee's compensation from being diminished by counsel fees. *Lucas v. E.A. Buschmann, Inc.*, 656 A.2d 1193, 1195 (Me.1995); *Gordon v. Maine Reduction Co.*, 358 A.2d 544, 551 (Me.1976). Consistent with this purpose, the Act expressly prohibited attorneys from billing employees directly for services. 39 M.R.S.A. §§ 88(4), 110 (1989). In 1985 the Legislature enacted subsection 110(2), that provides the employee must prevail in the proceeding in order to receive an award of counsel fees. P.L.1985, ch. 372, § A, 43. One of the purposes of the 1985 amendment was to encourage the parties to screen cases and litigate only those proceedings that have a strong likelihood of success, or involve a genuine controversy, thereby reducing burdensome and unnecessary litigation. 2 Legis.Rec. 1197–98 (1985).[2]

The lien statute, 39 M.R.S.A. § 68, provides, in pertinent part:

---

1. Former section 110 has been repealed and replaced by 39–A M.R.S.A. § 325 (Supp.1994–95). *Maine Workers' Compensation Act of 1992*, P.L. 1991, ch. 885, § A–7 (effective January 1, 1993). Because section 325 of the new Act is expressly inapplicable to injuries preceding January 1, 1993, this appeal is governed by section 110 of former Title 39. P.L. 1991, ch. 885, § A–10 (effective January 1, 1993); *Morgan–Leland v. University of Maine*, 632 A.2d 748 (Me.1993).

2. The statement of fact for an earlier draft of the 1985 amendment stated that "[a] large number of workers' compensation proceedings are delayed by employers who insist on litigating just claims in the apparent hope of inducing partial settlements. Statistics show that employees prevail in most proceedings. This bill provides a disincentive for delaying resolution of claims." L.D. 1201, Statement of Fact (112th Legis. 1985).

When an injury or death for which compensation or medical benefits are payable under this Act shall have been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim such compensation and benefits or obtain damages from or proceed at law against such other person to recover damages.

If the injured employee elects to claim *compensation* under this Act, any employer *having paid* such *compensation or benefits* or having become liable therefor under any compensation payment scheme shall have a lien for the value of *compensation* paid on any damages subsequently recovered against the third person liable for the injury. . . .

If the employee or compensation beneficiary recovers damages from a third person, he shall *repay* to the employer or compensation insurer, out of the recovery against the third person, the *benefits paid to him* by the employer or compensation insurer under this Act, less said employer's or compensation insurer's proportionate share of cost of collection, including reasonable attorney's fees.

39 M.R.S.A. § 68 (1989) (emphasis added). *See also* 39–A M.R.S.A. § 107 (Supp.1994–95).[3] As the lien statute was first enacted in 1915, the employer was subrogated to the employee's rights against the third-party tortfeasor and the employee was barred from bringing a civil action. *Dionne v. Libbey–Owens Ford Co.,* 621 A.2d 414, 417 (Me. 1993); *Liberty Mut. Ins. Co. v. Weeks,* 404 A.2d 1006, 1010 (Me.1979). The statute was amended in 1921 to allow employees to bring a civil action if the insurer failed after written demand to bring an action within 90 days of the injury. *Dionne,* 621 A.2d at 417; *Weeks,* at 1011. The purpose of the 1921 amendment was "to save the injured employee from loss of his common law action against the third party tortfeasor by employer procrastination." *Steeves v. Irwin,* 233

A.2d 126, 132 (Me.1967); *See also Dionne,* 621 A.2d at 417; *Weeks,* 404 A.2d at 1011. This language remained unchanged until 1969, when the statute was amended to give "precedence to the right of the worker to bring the action against the third person." *Weeks,* 404 A.2d at 1011; *See also Dionne,* 621 A.2d at 417. The purpose of this latter amendment was to prevent the employer from settling with the third-party for the bare minimum of the employer's liability, and thereby preventing the employee from receiving the benefit of a full recovery against the party responsible for the injury. *Dionne,* 621 A.2d at 417; *Weeks,* 404 A.2d at 1011. We have stated that the purposes of section 68 are threefold:

(i) to give the injured worker the benefit of the greater of any tort recovery and any workers' compensation award, (ii) to relieve the carrier of the compensation burden that the third party's fault has caused it to shoulder, and (iii) to prevent either a double recovery by the employee or an immunity for the third party tortfeasor.

*Nichols v. Cantera & Sons,* 659 A.2d 258, 262–263 (1995) (quoting *Overend v. Elan I Corp.,* 441 A.2d 311, 314 (Me.1982)).

▮▮▮ S.A.D. 59 argues that employer-paid attorney fees are a "benefit" pursuant to section 68, and are therefore a lien against recovery from the third-party tortfeasor. We reject this argument. Because section 68 predates the enactment of the attorney fee provision, it is clear that the Legislature did not originally intend attorney fees to be included in the term "benefit." It is also apparent from the overall scheme of the Act that attorney fees are treated as separate and distinct from "compensation" or "benefits." *Lucas,* 656 A.2d at 1195. The Act is intended to compensate employees for losses that are ordinarily associated with industrial injuries, such as medical expenses, incapacity to work, loss of bodily function, or death. 39 M.R.S.A. §§ 51(1), 52, 54–B, 55–B, 56–B, 58 (1989). Like witness fees, attorney fees are

---

**3.** Section 68 of former Title 39 has been repealed and replaced by 39–A M.R.S.A. § 107 (Supp. 1994–95), which contains substantially similar language. P.L.1991, ch. 885, § A–7 (effective January 1, 1993). The parties agree that this appeal is governed by former section 68. *See Riley v. Bath Iron Works Corp.,* 639 A.2d 626 (Me.1994).

a necessary "cost" of the workers' compensation system. 39 M.R.S.A. § 110; *Lucas,* 656 A.2d at 1195. Attorney fees are not a "benefit" for purposes of section 68 because they are not intended to redress losses incurred as a direct result of a work-injury. Our analysis is supported by the third paragraph of section 68, that provides the employer may only apply the lien against benefits "paid to *him* [the employee]." *See Li v. Travelers Ins Co.,* 634 A.2d 1267, 1270 (Me.1993) (the employer has no lien for payments made to the Second Injury Fund). Counsel fees, unlike compensation or benefits, are not paid to the employee.[4] Indeed, as we have stated, "[a]ttorney fees ... may be more appropriately characterized as compensation for the attorney, not the employee." *Lucas,* 656 A.2d at 1195.

S.A.D. 59 argues that it should be entitled to pay attorney fees out of the lien in light of the legislative purpose "to relieve the carrier of the compensation burden that the third party's fault has caused it to shoulder." *Nichols,* 659 A.2d at 262–263; *Overend,* 441 A.2d at 314. We disagree. The duty to pay the employee's attorney fees in a workers' compensation case is not solely the result of the third-party's fault. An employer has no obligation to pay fees unless the employer chooses to contest a meritorious claim. As in any case arising pursuant to former section 110(2), the employer electing to contest an employee's claim runs the risk that it will be required to pay the employee's attorney fees. This interpretation is consistent with the purpose of encouraging informal resolution of workers' compensation issues and reducing unnecessary litigation. We have also recognized that a primary goal of the lien provision is to preserve the employee's recovery against the third-party tortfeasor. *Overend,* 441 A.2d at 314; *Mitchell v. Peaslee,* 143 Me. 372, 375, 63 A.2d 302 (Me.1948). An interpretation of section 68 that would allow a lien against the employee's settlement with the party responsible for the employee's injury would reduce the recovery that the Legislature intended the employee receive.

 We accord deference to decisions of the Board interpreting the Workers' Compensation Act. *Curtis v. National Sea Prods.,* 657 A.2d 320, 322 (Me.1995). Because we agree that, pursuant to section 68, S.A.D. 59 is not entitled to recover the employee's attorney fees from the third-party settlement, we affirm the decision of the Board.

The entry is:

Decision of the Workers' Compensation Board affirmed.

All concurring.

---

4. S.A.D. 59 argues that the phrase "benefits paid to him" in the third paragraph of section 68 should not be given controlling weight, because medical expenses, like legal fees, are also not usually paid directly to the employee. Medical services, however, are designed to directly redress the work-related injury, and therefore may be considered to be "paid to" the employee.

Furthermore, unlike lawyers, medical providers are not prohibited from seeking or accepting payment directly from the employee, and therefore it is not inconceivable that an employer may be required to reimburse an employee directly for medical expenses, particularly in contested cases.