Dean KINNEY

v.

GREAT NORTHERN PAPER, INC.

David WALTZ

v.

GREAT NORTHERN PAPER, INC.

Gerald SEAVEY

v.

GREAT NORTHERN PAPER, INC.

Supreme Judicial Court of Maine.

Argued May 6, 1996.
Decided July 12, 1996.

Wayne W. Whitney (orally), McTeague, Higbee, MacAdam, Case, Watson & Cohen, Topsham, for Employees.

John A. Woodcock, Jr. (orally), Weatherbee, Woodcock, Burlock & Woodcock, Bangor, for Employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

The employer, Great Northern Paper, Inc., appeals from three decisions of the Workers' Compensation Board awarding interest on the assessment of attorney fees. 39 M.R.S.A. § 72 (1989), *repealed and replaced by* P.L.1991, ch. 885, §§ A–7, A–8. Because we agree with Great Northern that employees are not entitled to interest on the assessment of attorney fees pursuant to former section 72, we vacate the decisions of the Board.

Dean Kinney, David Waltz and Gerald Seavey suffered work-related injuries prior to the effective date of the 1992 Act while employed by Great Northern. *See Maine Workers' Compensation Act of 1992*, P.L. 1991, ch. 885 (effective January 1, 1993). The employees prevailed in separate proceedings before the Board and filed motions for attorney fees pursuant to 39–A M.R.S.A. § 325(5).[1] The Board granted the motions

---

1. Section 325(5) provides, in pertinent part: "In cases in which the injury to the employee oc-    curred prior to January 1, 1993, the amount of the attorney's fees is determined by the law in

and assessed interest pursuant to former 39 M.R.S.A. § 72 (1989). Great Northern's motions for findings of fact were denied and we granted and consolidated Great Northern's petitions for appellate review pursuant to 39–A M.R.S.A. § 322.

■ Former section 72 provides that "[u]pon each award of the Workers' Compensation Commission, interest shall be assessed from the date on which the petition is filed at a rate of 6% per year . . . ." 39 M.R.S.A. § 72 (emphasis added). The employees contend, and the Board agreed, that the assessment of attorney fees is an "award" for purposes of awarding interest pursuant to section 72. *Ott v. Hussey Mfg.*, Me. W.C.C.App.Div. 5–455, 5–457 (Me.1984). Although we defer to decisions of the Board interpreting the Workers' Compensation Act, we conclude that the Board's interpretation is plainly contrary to the statutory language and must be vacated notwithstanding that deference.

Former 39 M.R.S.A. § 110(2) does not by its express language authorize an *award* of fees; it authorizes an *assessment* of fees. *See* 39 M.R.S.A. § 110(2) (1989) ("If an employee prevails on any proceeding involving a controversy under this Act, the Commission . . . may *assess* the employer costs of a reasonable attorney's fee . . . ."), *repealed and replaced by* P.L.1991, ch. 885, §§ A–7, A–8. An assessment of attorney fees does not constitute an "award" of compensation or benefits to an employee. As we have stated,

> [o]ur analysis of the Act as a whole suggests that the Legislature has consistently viewed attorney fees as separate and distinct from 'compensation.' The term 'compensation' is typically used in the Act to refer to compensation received *by the employee. See e.g.,* 39 M.R.S.A. §§ 51(1), 54–B, 55–B, 56–B & 58 (1989). Attorney fees,

by contrast may be more appropriately characterized as compensation for the attorney, not the employee. . . . [Sections 110 and 104–A(1) ] reflect a legislative understanding that 'compensation' refers to benefits that 'compensate' employees for their injuries, while attorney fees are 'costs' of litigation to be borne by the parties according to separate provisions of the Act.

*Lucas v. E.A. Buschmann, Inc.*, 656 A.2d 1193, 1195, (Me.1995) (attorney fees are not "compensation" for purposes of penalizing an employer for non-payment during the pendency of an appeal pursuant to former 39 M.R.S.A. § 104–A(1) (1989), *repealed and replaced by* P.L.1991, ch. 885, §§ A–7, A–8); *Campbell v. S.A.D. 59*, 658 A.2d 1094, 1096 (Me.1995) (attorney fees are not "compensation" or a "benefit" for purposes of calculating a lien against a third-party settlement pursuant to former 39 M.R.S.A. § 68 (1989), *repealed and replaced by* P.L.1991, ch. 885, §§ A–7, A–8).

Our interpretation is also supported by the reference to a "petition" in section 72: "interest shall be assessed from the date on which the *petition* is filed . . . ." 39 M.R.S.A. § 72 (emphasis added). Petitions are ordinarily filed for the purpose of litigating an employee's entitlement to compensation or benefits. Although the Act provides no specific procedural mechanism for recovering fees against an employer, the practice has been for employees to file a motion, ancillary to the litigation of a petition, for the payment of fees. By providing that interest must be assessed "from the date on which the petition is filed," 39 M.R.S.A. § 72, the Legislature intended that interest be assessed on awards of compensation or benefits pursuant to a petition, not on the assessment of costs incurred in the litigation of those petitions.

effect at the date of the injury and is payable by the employer." Because we conclude that interest is not authorized on an assessment of attorney fees pursuant to former title 39, section 72, and because the parties concede that interest is not available on an assessment of attorney fees pursuant to 39–A M.R.S.A. § 205(6) (Supp.1995) ("When weekly compensation is paid pursuant to an award, interest on the compensation must be paid at the rate of 10% per annum . . ."), it is not

necessary to address whether title 39–A or former title 39 applies to the employee's motions for fees. *See* 1 M.R.S.A. § 302 (1989) ("Actions and proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby"); *Riley v. Bath Iron Works Corp.*, 639 A.2d 626, 627–29 (Me.1994) (Title 39–A does not apply to a proceeding that is pending on the effective date of the Act).

Our interpretation is consistent with the purpose of the Act. As we have stated, the "purpose of the Act is to shift the economic cost of work-injuries to the employer and ultimately the consumer." *Harding v. Sheridan D. Smith,* 647 A.2d 1193, 1194 (Me.1994); *Scott's Case,* 104 A. 794, 797, 117 Me. 436, 444 (Me.1918). The purpose of requiring the employer to pay an employee's costs, including attorney fees, is not to penalize the employer for litigating a claim of benefits, but to ensure that "an employee's costs are paid by the employer (and thus borne, probably, by the ultimate consumer of the economic product) instead of coming out of the compensation which is designed to sustain the employee until he regains his ability to earn for himself." *Gordon v. Maine Reduction Co.,* 358 A.2d 544, 551 (Me. 1976); *Lucas,* 656 A.2d at 1195. We are not persuaded that the Legislature intended to require the employer, and ultimately the consumer, to pay interest on the assessment of attorney fees that are intended to compensate the attorney and not the employee. Accordingly, we vacate the decisions of the Board.

The entry is:

The decisions of the Workers' Compensation Board are vacated and remanded to the Workers' Compensation Board for further proceedings consistent with the opinion herein.

All concurring.