STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-214

PAF-YOR 2/20/2002

RONALD NOLETTE,

Plaintiff

v.

INTERSTATE BRANDS CORP.

and

KEMPER GROUP INSURANCE,

Defendants

ORDER
AND
DECISION

DONALD L. GARBRECHT
LAW LIBRARY

FEB 25 2002

Roland Nolette had been employed by Interstate Brands Corporation and received a work-related injury to his right shoulder. A hearing officer of the Maine Workers' Compensation Board issued a decision dated July 10, 2001 ordering the payment of total incapacity benefits from October 30, 2000 and ordered the "reinstatement of the employee to his former position at the employer." When that decision was not fully complied with the plaintiff requested and on August 29, 2001 received from this Court a *pro forma* judgment enforcing the Board's decree. See 39-A M.R.S.A. §323.

On September 5, 2001 the plaintiff filed a motion for plenary proceedings for remedial sanctions alleging that Interstate Brands had refused to reinstate Mr. Nolette. In the interim Interstate had on July 25, 2001 filed a motion with the hearing officer for findings of fact and conclusions of law, See 39-A M.R.S.A. §318, and filed a motion with the Superior Court for reconsideration or, in the

alternative, for relief from judgment. The payment of back total incapacity benefits was made but reinstatement became contentious and was delayed.

On September 18, 2001 the hearing officer in essence denied the request for findings of fact and conclusions of law and indicated that "The original decision shall stand unaltered." On October 4, 2001 the full Workers' Compensation Board decided to review the decision of the hearing officer pursuant to 39-A M.R.S.A. §320. A week later on October 11, 2001 Judge Hornby of the United States District Court denied a motion of Interstate Brands for a preliminary injunction seeking to stop the reinstatement order of the hearing officer. That federal action was dismissed by notice of dismissal dated October 17, 2001. On November 3, 2001 Mr. Nolette was reinstated to employment narrowing the issues. The employer has since requested that the full Board not review the case as the employee is back to work. That request was granted. Mr. Nolette has now received his workers' compensation benefits and is back to work, but has not received any pay or fringe benefits from the time of the hearing officer's decision to his return to work, or received any amount for his attorney's fees before this Court or the Federal Court. Mr. Nolette wants net lost wages plus lost fringe benefits from July 20, 2001 through October 13, 2001, the date of possible reinstatement, plus attorney's fees.

The hearing officer awarded two types of relief. She first ordered that total incapacity benefits be paid. That portion of her order awarding "compensation payments" is not stayed pending appeal to the Law Court, See 39-A M.R.S.A. §324. Whether or not it is stayed from the time of the hearing officer's decision through a decision by the full Board is not at issue here as the benefits were paid.

2

The second part of the hearing officer's order was for reinstatement. Since that order was not for "compensation payments", 39-A M.R.S.A. §102 and *Lucas v. E.A.Buschmann, Inc.*, 656 A.2d 1193 (Me. 1995), it was stayed and Interstate Brands is not in contempt for failure to offer reinstatement earlier. Since Interstate Brands is not in contempt, the plaintiff is not entitled to attorney's fees as a possible sanction for contempt pursuant to Rule 66(d)(3), M.R.Civ.P.

However, in order to make the plaintiff whole he must receive the benefits of the reinstatement order. He did not have to be reinstated while the appeals were pending but he is now entitled to the benefits of the reinstatement back to the date it was ordered. Interstate Brands shall pay the plaintiff the difference between his gross pay and the weekly workers' compensation benefits from July 20, 2001 to October 13, 2001 plus lost fringe benefits. Attorney's fees need not be paid.

The entry is:

> Plaintiff's motion for plenary proceedings for remedial sanctions and for judgment for specific acts is denied. Defendant Interstate Brands Corporation shall pay the reinstatement benefits.
>
> Defendants' motion for reconsideration or, in the alternative, for relief from judgment is denied.

Dated:     February 22, 2002

Paul A. Fritzsche
Justice, Superior Court

Jonathan S. R. Beal, Esq. - PL
Kevins M. Gillis, Esq. - DEFS

3