**WILNER WOOD PRODUCTS CO.**

v.

**Paula MOYSE[1].**

Supreme Judicial Court of Maine.

Argued Sept. 23, 1983.

Decided Oct. 25, 1983.

---

1. Plaintiff Wilner Wood Products Co. also named the Workers' Compensation Commission, and its chairman, Charles Devoe, as defendants in the Superior Court action. Wilner Wood, however, sought no relief against the commission or its chairman, but rather sought collateral review of the commission's approval of a compensation agreement. It is inappropriate for a party collaterally attacking agency action to name the agency or any of its members as parties. *See Shawmut Inn v. Town of Kennebunkport,* 428 A.2d 384, 388–89 (Me. 1981). M.R.Civ.P. 80B(a) requires a party to notify an agency of an appeal, but absent a statutory provision to the contrary, this notice of appeal does not transform the agency or its members into parties to the appeal.

William R. Johnson (orally), Workers Compensation Com'n, Appellate Div., Augusta, Hardy, Wolf & Downing, P.A., Thomas R. Downing (orally), William P. Hardy, Lewiston, for Walter Moyse.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

McKUSICK, Chief Justice.

█ On January 13, 1983, plaintiff Wilner Wood Products Co. commenced this action in the Superior Court (Kennebec County) seeking a declaration that the Workers' Compensation Commission had acted illegally when it approved a compensation agreement between Wilner Wood and a former employee. The Superior Court dismissed the action, and we affirm that dismissal, holding that Wilner Wood's exclusive remedy was to appeal to the Appellate Division of the Workers' Compensation Commission.

This case arises out of a dispute between Wilner Wood and a former employee, Walter Moyse, III,[2] over an agreement for workers' compensation benefits. After Moyse was injured on September 30, 1980, in the course of his employment with Wilner Wood, he and Wilner Wood reached an agreement for compensation and, on October 28, 1980, submitted it to the Workers' Compensation Commission for approval. Within a week thereafter, Wilner Wood, through its insurer, notified the commission that Moyse was about to start a year's incarceration at the Maine Correctional Center. At Wilner Wood's request, the commission returned the compensation agreement unapproved.

In December, 1982, Moyse petitioned the Workers' Compensation Commission for compensation from Wilner Wood and two other firms for which he had subsequently worked. Responding to an inquiry from the commissioner hearing those petitions, Wilner Wood's counsel produced a copy of its earlier compensation agreement with

Hewes, Culley, Feehan & Beals, John F. Lambert, Jr. (orally), Peter W. Culley, Portland, for plaintiff.

2. Moyse's widow Paula has been substituted as the named defendant.

Moyse. The chairman of the commission thereafter received written argument from the parties, Wilner Wood arguing that the compensation agreement that it had signed in October, 1980—but which had never been approved by the commission—no longer represented a meeting of the minds and was null and void. The chairman rejected that argument and on January 4, 1983, approved the October, 1980, agreement.

Instead of appealing the chairman's decision to the Appellate Division of the commission, Wilner Wood, purporting to act pursuant to M.R.Civ.P. 80B, filed in the Superior Court a complaint for review of governmental action, namely, the chairman's approval of the October, 1980, workers' compensation agreement between Wilner Wood and Moyse. On February 23, 1983, that court dismissed the action on the grounds of failure to exhaust administrative remedies and of lack of jurisdiction in the Superior Court over either an appeal or an independent equitable review of the Workers' Compensation Commission's approval of a compensation agreement.

If the Superior Court were permitted to entertain this action, Wilner Wood would succeed in bypassing the recently created procedure for appellate review of workers' compensation decisions, P.L.1981, ch. 514, § 6, enacting 39 M.R.S.A. §§ 103–A— 103–E (Supp.1982–1983), effective September 18, 1981. Examination of the legislative history of that 1981 statute creating the Appellate Division within the Workers' Compensation Commission, with thereafter only discretionary review by the Law Court,

makes abundantly clear that the legislature intended that new direct review to be exclusive.

Under the prior statutory procedure, 39 M.R.S.A. § 103 (1978) (repealed by P.L. 1981, ch. 514, § 6 (effective September 18, 1981)), a party aggrieved by the decision of a single commissioner could take, in practical effect, a direct appeal as of right to the Law Court. An appellant pursued that appeal as of right by (i) filing in the Superior Court certified copies of "any order or decision of the commission or any commissioner, or of any memorandum of agreement approved by the commission, together with all papers in connection therewith," (ii) obtaining a *pro forma* decree of the Superior Court incorporating the substance of the order, decision, or agreement,[3] and (iii) appealing to the Law Court therefrom as from any other Superior Court judgment. This right of direct appeal from an administrative agency to Maine's highest court (an extraordinary review procedure that had only one counterpart in the statute delineating this court's jurisdiction[4]) had, by the time the 1981 legislature convened, resulted in a flooding of the Law Court's docket with workers' compensation appeals. The bill that was in due course enacted as sections 103–A through 103–E carried with it the following statement of the problem it was designed to remedy:

> [M]ore than one out of every 5 civil appeals are Workers' Compensation cases. The time expended by the Law Court in disposal of these administrative appeals has reduced the ability of the court to

---

3. The prior law denied any appeal to the Law Court "where the decree is based upon a memorandum of agreement approved by the commission." 39 M.R.S.A. § 103 (1978). Significantly for present purposes, no such limitation on appeals to the Law Court from the Appellate Division appears in the new review procedure prescribed by 39 M.R.S.A. § 103–C (Supp. 1982–1983). On the contrary, section 103–E, in providing for a *pro forma* decision of the Superior Court for the purpose of enforcing workers' compensation decisions or agreements, specifically declares that "appeals from a commission decision, order or *agreement* shall be in accordance with section 103–B," providing for

appeals to the Appellate Division. (Emphasis added)

4. 35 M.R.S.A. §§ 303, 305 (1978) (appeals from and additional court review of decisions of Public Utilities Commission). In 1981, cases from the Public Utilities Commission accounted for only 4 out of 238 civil cases decided by the Law Court in written opinions. *See* State of Maine Administrative Office of the Courts, 1981 Annual Report, p. 27. In contrast, in the same year, 53 workers' compensation appeals were decided by written opinions. *Id.*

deal with the ever increasing case load, which is now in excess of one new appeal for each calendar day.... The nature of the decisions on Workers' Compensation matters suggest that, in a substantial number of cases, decisions ... do not add anything by way of legislative [sic] precedent to the field of Workers' Compensation and take substantial time and expense on the part of the litigants, only to wind up with the conclusion that there was no error of law and that the evidence supported the factual conclusion of the Workers' Compensation Commission.

Statement of Fact to L.D. 1476, 1st Reg. Sess., 110th Leg. (1981). The bill's sponsors also recognized the special expertise in workers' compensation law that full-time commissioners are able to develop and the desirability of having consistent policy positions announced within the administrative agency itself before the issues are presented in litigated appeals to the Law Court. *Id.*

█ To meet its objectives of simplifying, expediting, and otherwise improving review of workers' compensation decisions, the legislature created within the Workers' Compensation Commission an Appellate Division composed of panels of two or more fulltime commissioners appointed by the chairman. 39 M.R.S.A. § 103–A. Any decision, order, or agreement approved by the commission can be filed with the Appellate Division to initiate appellate review.[5] That review extends only to errors of law. *Id.*, § 103–B(1), (2). Thus, the scope of the review that the Appellate Division is empowered to give to commission decisions is neither broader nor narrower than appellate review by the Law Court. *See Pomerleau v. United Parcel Service,* 464 A.2d 206, 209 (Me.1983) (review of factfindings limited "to a determination of whether the rec-

ord discloses any reasonable basis to support the Commissioners' decision").

█ Any further appeal to the Law Court from the Appellate Division's decision is obtained by petition for appellate review, which is granted only by vote of three or more members of a panel consisting of at least five justices of the Law Court. 39 M.R.S.A. § 103–C. When granted, the appeal goes forward in the same manner as an appeal from the Superior Court. *See* M.R. Civ.P. 73(i).

█ The statutory authority of the commission to approve compensation agreements under a variety of circumstances appears in 39 M.R.S.A. § 94 (1978). In all instances the commission must before giving its approval decide whether in fact the employer and the employee have reached an agreement and whether their agreement "is in conformity with the Act."[6] *Id.* Under section 102, the commission may also annul any previously approved agreement that it finds was entered into through fraud or mistake of fact. The plain language of the 1981 statute declares that any decision of the commission in regard to a compensation agreement is appealable to the Appellate Division; section 103–B(1) provides that an "appeal shall be taken from the commission decision by filing a certified copy of the decision, order or *agreement,* with the division ...." (Emphasis added) If any uncertainty could exist, it is dispelled by the last sentence of section 103–E, reading in part, "[A]ppeals from a commission decision, order or agreement shall be [to the Appellate Division] in accordance with section 103–B." See n. 3 above. The term "commission decision" is obviously used comprehensively to include a decision upon a purported compensation agreement

---

**5.** Decisions of the Workers' Compensation Commission may also be reported directly to the Law Court, subject to the constraints of M.R.Civ.P. 72. *See* 39 M.R.S.A. § 103–D.

**6.** Contrary to Wilner Wood's contention, commission review of compensation agreements cannot be characterized as a "ministerial" function, even though the substantial number

submitted for approval tends to make the process a routine one. The approval has the effect of a final adjudication. *Dufault v. Midland-Ross of Canada, Ltd.,* 380 A.2d 200, 205 (Me. 1977). In any event, the approval of a compensation agreement, however that function is characterized, is reviewable by the Appellate Division for any error of law.

presented to the commission for approval. In turn, the Appellate Division is enjoined to "issue a written decision" on any questions of law raised on the appeal in regard to a purported agreement, section 103–B(3), and that decision is reviewable by the Law Court in a discretionary review process initiated by filing a certified copy of the Appellate Division's decision with the Law Court, section 103–C(1). All the relief sought by Wilner Wood in its Superior Court action, namely, a declaration that the commission erred in approving the October, 1980, agreement and that the agreement was null and void, was available through direct appeal to the Appellate Division and judicial review in the Law Court.

■ To allow the present Superior Court action would seriously subvert the declared purposes of the 1981 legislation. Instead of limiting judicial involvement to reviewing those collegial decisions of the Appellate Division that the Law Court determines merit review because of their precedential consequences or other good cause, the Superior Court would judicially review all single commissioner decisions approving or disapproving compensation agreements, and the Law Court would be compelled to entertain all appeals by the parties disappointed by the Superior Court decision. We emphatically reject any such absurd duality of appellate review routes. The Appellate Division route is available to review commission decisions on compensation agreements, and that review route is exclusive.

The provisions of sections 103–A through 103–D preempt Superior Court review of a decision of the Workers' Compensation Commission approving a compensation agreement.

The entry is:

Dismissal of action affirmed.

All concurring.