Richard **BANKER**

v.

**BATH IRON WORKS CORPORATION et al.**

Supreme Judical Court of Maine.

Argued March 11, 1986.

Decided April 7, 1986.

Berman, Simmons & Goldberg, P.A., Paul F. Macri (orally), John E. Sedgewick, Lewiston, for plaintiff.

Norman & Hanson, Stephen W. Moriarty (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, and GLASSMAN, JJ.

McKUSICK, Chief Justice.

Bath Iron Works Corporation and its insurance carrier (hereafter "BIW") appeal a contempt order issued by the Superior Court (Sagadahoc County) to enforce an order of the Workers' Compensation Commission awarding compensation benefits to BIW's former employee Richard Banker. We hold that the commission's order is too ambiguous and nonspecific to be enforceable by the Superior Court. We therefore vacate the Superior Court's contempt order.

I.

On October 17, 1983, Banker injured his back in the course of his employment with BIW. On November 29, 1983, he filed a petition for compensation with the Workers' Compensation Commission. Shortly thereafter, BIW began making compensation payments voluntarily to Banker, first for total incapacity and later for 50% partial incapacity. On December 7, 1984, the commission awarded Banker benefits for only 25% partial incapacity running from October 18, 1983, the day after his injury, until further order of the commission. After granting Banker's petition for award of compensation, the commission's order contained four sentences, reading in full as follows:

> The employer shall pay to the employee compensation for 25% partial incapacity from October 18, 1983 to the present based upon an average weekly wage of $450.10. Compensation shall continue until further order of the Commission and shall be adjusted in accordance with the provisions of the Act. The employee is further awarded interest pursuant to 39 M.R.S.A. § 72. The employer shall be credited with all voluntary payments made.

Neither party took an appeal to the Appellate Division.

On January 16, 1985, Banker commenced proceedings in the Superior Court for judicial enforcement of his compensation award. He filed the commission's order with that court, which, acting pursuant to 39 M.R.S.A. § 103–E (Pamph. 1985–1986), entered a pro forma decree that tracked the commission's order word-for-word.[1] On February 9, 1985, Banker filed a motion asking the court to find BIW in contempt of the commission's order. At a Superior Court hearing on that motion, a BIW witness testified that because Banker had received excess compensation prior to issuance of the commission's order of December 7, 1984, BIW upon receiving that order had suspended compensation payments until it had received credit for that overpayment. On September 12, 1985, the Superior Court granted Banker's motion, finding BIW in contempt and assessing a penalty of $25 for every day until BIW paid to Banker the full compensation for 25% incapacity from the date of the commission's order until further order of the commission, without any credit for BIW's prior

---

1. The pro forma decree, originally entered by the Superior Court on January 16, 1985, omitted the fourth and last sentence in the commission's order, which provides: "The employer shall be credited with all voluntary payments made."

On BIW's motion for reconsideration, the court issued an amended pro forma decree on March 26, 1985 (docketed on September 11, 1985) that contained the fourth sentence.

voluntary overpayments. The present appeal by BIW followed.

## II.

█ The Superior Court has a very limited jurisdiction in workers' compensation matters. Section 103–E [2] permits the Superior Court *only* to enforce orders made by the Workers' Compensation Commission. To put a commission order into a form for judicial enforcement, the Superior Court at the behest of a party in interest must render "a pro forma decision in accordance therewith." *Id.* That pro forma decree, which is entered as merely a ministerial act, must conform precisely to the commission order. The Superior Court has no appellate jurisdiction whatever, that being vested exclusively in the Appellate Division of the Workers' Compensation Commission, subject to subsequent discretionary review by the Law Court. 39 M.R.S.A. § 103–B (Pamph. 1985–1986); *Wilner Wood Products Co. v. Moyse*, 466 A.2d 1257, 1261 (Me.1983). The Superior Court has no power to pass upon the validity of the commission order or any part thereof, or to modify or extend the commission order to remove ambiguities or to add missing detail. *Id.* Thus, the Superior Court in workers' compensation cases performs the narrow function of enforcing affirmative orders to pay money issued by another tribunal over which it exercises no appellate or supervisory jurisdiction.

Section 103–E specifically authorizes the Superior Court to enforce commission orders by "contempt for willful failure or neglect to obey the orders or decrees of the court, or in any other manner that decrees for equitable relief may be enforced." Banker invoked that authority of the Superior Court by his motion to have BIW held in contempt for suspending compensation payments to him. What both Banker and the Superior Court overlooked, however, was that the commission's order on its face lacks the clarity and specificity required for a court to exercise its contempt power to enforce a decree in equity.

It is well established that "[b]efore a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties thereby imposed upon him...." 17 Am.Jur.2d *Contempt* § 52, at 54 (1964). *See also UFI Razor Blades, Inc. v. District 65, Wholesale, Retail, Office and Processing Union*, 610 F.2d 1018, 1024 (2d Cir.1979) (nonspecific order to reinstate employees and reimburse them for lost wages); *Lichtenstein v. Lichtenstein*, 425 F.2d 1111, 1113 (3d Cir.1970) (uncertain order to pay money to carry out settlement agreement); *Ex Parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967) (ambiguous child support order). In Maine that principle is codified in M.R.Civ.P. 65(d), which mandates that an injunctive order be specific and reasonably detailed in its terms. The Rule 65(d) requirements apply to mandatory injunctions (such as the equity decree to pay money involved in this case) as well as restraining orders, *see* 11 C. Wright & A. Miller, *Federal Practice*

---

2. 39 M.R.S.A. § 103–E provides in full:

Any decision of the commissioners or the division shall be enforceable by the Superior Court by any suitable process including execution against the goods, chattel and real estate and including proceedings for contempt for willful failure or neglect to obey the orders or decrees of the court, or in any other manner that decrees for equitable relief may be enforced. Any party in interest may present copies, certified by the clerk of the commission or of the division, of any order or decision of the commission or of the division, or of any memorandum of agreement approved by the commission to the clerk of courts for the county in which the injury occurred; or if the injury occurred without the State, to the clerk of courts for the County of Kennebec. Whereupon any Justice of the Superior Court shall render a pro forma decision in accordance therewith and cause all interested parties to be notified. The decision shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though rendered in an action in which equitable relief is sought, duly heard and determined by the court. The decision shall be for enforcement of a commission decision, order or agreement; appeals from a commission decision, order or agreement shall be in accordance with section 103–B.

*and Procedure,* § 2955, at 537 (1973), and are imposed "in order that the enjoined parties may know what they are forbidden [or required] to do and that enforcement agencies and other justices may know what they must enforce." *Town of Brunswick v. Campbell,* 438 A.2d 1285, 1287 (Me. 1982); *see also Sebago Lake Camps, Inc. v. Simpson,* 434 A.2d 519, 523 (Me.1981). As the United States Supreme Court has stated in an oft-quoted passage:

The judicial contempt power is a potent weapon. When it is founded upon a decree too vague to be understood, it can be a deadly one. . . . We do not deal here with a violation of a court order by one who fully understands its meaning but chooses to ignore its mandate. We deal instead with acts alleged to violate a decree that can only be described as unintelligible. The most fundamental postulates of our legal order forbid the imposition of a penalty for disobeying a command that defies comprehension.

*Longshoremen's Association v. Marine Trade Association,* 389 U.S. 64, 76, 88 S.Ct. 201, 208, 19 L.Ed.2d 236 (1967).

■ The commission's order that Banker seeks to enforce fails the "clear and specific" test by a wide margin. First, the order is ambiguous as to the intended relationship between its second sentence ("Compensation shall continue until further order of the Commission . . .") and its fourth sentence ("The employer shall be credited with all voluntary payments made"). The Superior Court thought that the second sentence overrode the fourth sentence by requiring BIW to go back to the commission for an order before BIW could make offsets for the prior overpayments. That may be one plausible reading of the order, but it is not, in our judgment, its most likely meaning. In any event, the commission's order suffers from a critical ambiguity; only the commission itself, and not either the Superior Court or this court, is in a position to resolve it in this proceeding. Second, the commission's order does not specify the amount of the voluntary payments for which BIW is entitled to credit. *Compare UFI Razor Blades, Inc.,* 610 F.2d 1018 (order did not specifically identify employees to be reinstated or amount of back pay due them). The commission's order is simply not ready for judicial enforcement.

■ The Superior Court disregarded the fourth sentence of the commission's order—and thereby considered itself free to enforce by contempt the order to pay compensation for 25% disability without any setoff—by two devices, both inappropriate in light of its strictly limited jurisdiction. First, as already noted, it declared that the second sentence prohibited BIW from taking any credit until it got a further order from the commission. By that attempt to resolve the ambiguity in the commission's order, the Superior Court usurped a power that rests exclusively with the commission. Alternatively, the Superior Court, engaging in a process of judicial review that sections 103-B and 103-E expressly deny to it, held that the fourth sentence exceeded the commission's statutory authority and therefore was invalid and ineffective. Whether that ruling was right or wrong, the Superior Court had no jurisdiction to make it.[3] If we were to countenance such judicial review by the Superior Court of the merits of

3. Contrary to the Superior Court's view, *Ryerson v. Pratt & Whitney Aircraft,* 495 A.2d 808 (Me. 1985), provides no precedent for the Superior Court's reviewing the merits of a commission order. *Ryerson* concerned whether the Superior Court may enforce a commission order awarding medical expenses to an employee during the pendency of an appeal to the Appellate Division. We held that it may do so because medical expenses are "compensation" within the meaning of 39 M.R.S.A. § 104-A. By its own words *Ryerson* did "not involve the merits of [a] commission order[ ], but rather concern[ed] only the question whether the Superior Court may proceed with enforcement of such order under section 104-A, despite the pendency . . . of an appeal of the merits." *Id.* at 810. We emphasized that "[o]ur entertaining appeals in the limited circumstances of this case . . . does not represent any retreat from the principle declared in *Wilner Wood Products Co. v. Moyse* . . . that appeals from commission orders shall be exclusively to the Appellate Division." *Id.*

action taken by the commission, we "would seriously subvert the declared purpose of the 1981 legislation" creating the Appellate Division within the commission structure. *Wilner Wood Products Co. v. Moyse*, 466 A.2d at 1261.

Until the commission declares unambiguously and with reasonable specificity the amount of compensation that BIW must pay to Banker, the Superior Court has nothing that it can enforce by its contempt powers.

The entry is:

Order of contempt vacated.

Remanded to the Superior Court with instructions to deny plaintiff's motion to determine contempt.

All concurring.