MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2013 ME 1
Docket:        Pen-12-87
Submitted
  On Briefs:   November 28, 2012
Decided:       January 3, 2013

Panel:         SAUFLEY, C.J., and ALEXANDER, LEVY, MEAD, GORMAN, and JABAR, JJ.


JEAN M. WALTZ

v.

DAVID C. WALTZ


LEVY, J.

[¶1]   David C. Waltz appeals and Jean M. Waltz cross-appeals from a judgment of the District Court (Newport, *Sparaco, J.*) holding David in civil contempt for his failure to comply with portions of the parties' property settlement incorporated in their divorce judgment.  We affirm the judgment of contempt in all respects but one: we vacate the portion of the judgment that denies relief on the basis that the no-contact provision in a protection from harassment (PFH) order made it impossible for David to comply with several provisions of the divorce judgment.

## I.  BACKGROUND

[¶2]   Viewed in the light most favorable to the judgment, the evidence established the following.  *See Van Dam v. Spickler*, 2009 ME 36, ¶ 2, 968 A.2d

1040. Jean and David were divorced by a judgment entered on April 19, 2011. The parties reached a property settlement, which the court incorporated into the divorce judgment. Pursuant to the judgment, David was required to provide Jean with the paperwork for a 1978 Chevrolet truck, and to assure that Jean's tractor and snow blower were in working condition. David was also ordered to make a payment to Jean in the amount of $15,000, with $10,000 due by April 21, 2011, and the remainder due by January 6, 2012.

[¶3] On June 22, 2011, after a hearing, Jean obtained a final PFH order that prohibited David from "having any direct or indirect contact with [Jean]." The order permitted David to enter Jean's property once, under police supervision, "to remove property that both parties agree belongs to [David]." The record is silent as to whether David, who was present at the hearing, brought to the court's attention that the no-contact provision might be a barrier to his compliance with requirements of the divorce judgment.

[¶4] In November 2011, Jean filed a motion for contempt, pursuant to M.R. Civ. P. 66(d), alleging that David had failed to comply with the divorce judgment. Among other things, the motion alleged that David had not made the first payment required by the divorce judgment, had not transferred the truck's paperwork, and had not fixed the tractor or snow blower. Following a January 2012 hearing on the motion, the court issued a written judgment that held David in contempt for taking

certain items of Jean's personal property. The court found that David had not turned over the truck paperwork or made either property settlement payment to Jean, although he had access to sufficient funds to make the payments at the time each was due. The court also found that David had not fixed Jean's tractor or snow blower, but it was "questionable" whether these items could be fixed, and construed the divorce judgment not to require full replacement of either item. The court concluded that David was not in contempt regarding the property settlement payment, the paperwork, the tractor, or the snow blower because Jean had failed to prove that David could comply with the judgment as to these items without violating the PFH order's no-contact provision.

[¶5]  Jean filed a motion for additional findings of fact and conclusions of law pursuant to M.R. Civ. P. 52(b), which the court denied. This appeal and cross-appeal followed.

## II.  DISCUSSION

[¶6]  We review a judgment of civil contempt for an abuse of discretion, and the court's underlying factual findings for clear error. *Lewin v. Skehan*, 2012 ME 31, ¶ 18, 39 A.3d 58. A finding of contempt requires proof "by clear and convincing evidence that the alleged contemnor failed or refused to comply with a court order and presently has the ability to comply with that order." *Id.* ¶ 19

4

(quotation marks omitted). Contempt does not lie where compliance is impossible. *Id.*

[¶7]  In determining whether compliance is impossible, we begin with the presumption that a party "has the present ability to comply with a court order if the order implies that he was able to comply at the time the order was issued." *Id.* ¶ 19 n.5.  David agreed to the terms of the judgment, which is sufficient to conclude that the judgment implied that he was able to comply at the time it was issued.  Thus, the law presumes that David had the present ability to comply with the judgment.  The burden therefore shifted to David to produce evidence that compliance was impossible at the time of the contempt proceeding in January 2012, with the burden of persuasion remaining at all times with Jean.  *See id.*

[¶8]  The court found by clear and convincing evidence that David had the financial ability to pay at least a portion of the property settlement in January 2012, and that he was in possession of the truck paperwork, but that he failed to make any payment, deliver all of the paperwork to Jean, or ensure that her tractor or snow blower were in working condition.  These findings are well supported by the trial evidence.  Our inquiry, therefore, is limited to whether the court erred in finding that the no-contact provision of the PFH order made compliance impossible and that David therefore lacked a present ability to comply with the divorce judgment.

[¶9]   A no-contact provision in a PFH order, standing in isolation, does not prevent compliance with a divorce judgment involving the same parties because, as a matter of statutory right, a party may request that the court modify the PFH order to permit compliance with the divorce judgment.  *See* 5 M.R.S. § 4655(2) (2012) (permitting modification of a PFH order upon the motion of a party).  PFH orders, which are intended primarily to protect plaintiffs from harassment, should generally not operate to relieve defendants from important obligations under preexisting court judgments.  Proof of the existence of a PFH order's no-contact provision, standing alone, does not satisfy a contemnor's burden of production to overcome the presumption of a present ability to comply with the property distribution provisions of a related divorce judgment.  Accordingly, the existence of the PFH order in this case did not relieve David of his affirmative duty to comply with the divorce judgment because he failed to produce evidence that he undertook, in good faith, to modify the PFH order to permit compliance, that the court denied the requested modification, and that compliance was otherwise impossible.

[¶10]  We vacate the judgment of contempt insofar as it determined that the PFH order prevented compliance with the divorce judgment, and remand for further proceedings.  We are unpersuaded by and do not separately address the parties' remaining arguments.

The entry is:

> Judgment vacated insofar as it found that the PFH order prevented compliance with the divorce judgment. Remanded for further proceedings consistent with this opinion with respect to the $15,000 property settlement payment, the truck paperwork, tractor, and snow blower. Judgment affirmed in all other respects.

---

**On the briefs:**

Eugene M. Sullivan Jr., Esq., Law Office of Joseph M. Baldacci, Bangor, for appellant David C. Waltz

Martha J. Harris, Esq., Paine, Lynch & Harris, P.A., Bangor, for cross-appellant Jean M. Waltz

Newport District Court docket number FM-2010-90
FOR CLERK REFERENCE ONLY