MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2015 ME 80
Docket:      Ken-14-249
Argued:      May 13, 2015
Decided:     July 2, 2015

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and HJELM, JJ.

PETER M. BECKERMAN

v.

BRUCE POOLER et al.

HJELM, J.

[¶1]  Peter M. Beckerman appeals from a judgment of the Superior Court (Kennebec County, *Wheeler, J.*) denying his motion for contempt and determining that he does not have an easement by deed over the property of Ricky and Monica Conant.  Beckerman alleged in his motion that, in a prior consent order, the court (*Studstrup, J.*) had recognized an easement in favor of Beckerman over the Conants' driveway and that the Conants were in contempt of that order by interfering with his use of the driveway.  On appeal, Beckerman argues that the court erred by denying the motion for contempt and by exceeding the scope of the motion when it adjudicated the issue of whether he had a deeded easement to use the driveway.  We affirm the denial of the motion, but because we conclude that the contempt motion did not call for the court to determine separately whether Beckerman has a deeded easement, we vacate that portion of the court's order.

2

## I. BACKGROUND

[¶2]   When "[v]iewed in the light most favorable to the judgment," the record evidence establishes the following facts. *Waltz v. Waltz*, 2013 ME 1, ¶ 2, 58 A.3d 1127.  Beckerman owns a waterfront parcel of land located on Great Pond in Rome.  Ricky and Monica Conant own an abutting waterfront lot ("the Conants' lot"), which was previously owned by Rodney Pooler.  Ricky Conant also owns a second lot, which abuts the Conants' lot on one side and is located between Beckerman's lot and a private access road called South Crane Lane.  Conant currently rents that lot ("the Poolers' lot") to Bruce and Cynthia Pooler, who owned it prior to 2010.  South Crane Lane runs along one side of both the Conants' lot and the Poolers' lot, but it does not abut Beckerman's lot, so the only vehicular access to Beckerman's lot is over the Conants' or the Poolers' driveways.

[¶3]  In March 2000, before the Conants purchased any property in the area, Beckerman filed a complaint in Superior Court against Bruce, Cynthia, and Rodney Pooler,[1] seeking, among other things, to establish the locations of the common boundaries among the three properties.  In the complaint, Beckerman did

---

[1]   Nettie Pooler, who was the prior owner of both Bruce and Cynthia's property and Rodney's property, was also named as a defendant.  During the pendency of this appeal, we received notice of her death from her attorney, and she was removed as a party because any of her remaining interests were extinguished by her death.  *See* M.R. Civ. P. 25(a)(2); *Estate of Mouckerezi*, 468 A.2d 993, 995-96 (Me. 1983) (noting that we follow the procedure in M.R. Civ. P. 25 when the death of a party occurs during the pendency of a civil appeal).

not assert a right to cross over the Conants' lot, which was then owned by Rodney Pooler, to gain access to South Crane Lane.

[¶4]  The parties settled their claims through mediation, and in August 2002 the court entered a consent order.  The order operated as a final judgment and, among other issues, resolved Beckerman's right to access South Crane Lane by requiring the Poolers to grant Beckerman an easement over their driveway.  That provision of the consent judgment also stated, "This conveyance shall not in any way limit the deeded right-of-way in favor of the Beckerman lot across [the Conants'] lot," and included a citation to the deed to that lot.  The consent judgment did not otherwise mention Beckerman's use of the driveway located on the Conants' property.

[¶5]  On July 16, 2012, Beckerman filed a post-judgment motion for contempt against the Conants as Rodney Pooler's successors-in-interest, alleging that they were in contempt of the consent order by blocking Beckerman's access to their driveway.  Additionally, Beckerman commenced a separate action seeking a declaratory judgment to establish his right to use the Conants' driveway, alleging that he had an easement by deed and by prescription.  At oral argument, the parties advised us that the declaratory judgment action remains pending.

[¶6]  A two-day testimonial hearing on the contempt motion was held in April 2014.  At the hearing, Beckerman argued that the statement in the consent

order that it did "not . . . limit the deeded right-of-way . . . across [the Conants']
lot" was an affirmative recognition of Beckerman's right to use the Conants'
driveway and that the Conants were therefore in contempt of the order when they
prevented him from exercising that right. On May 21, 2014, the court issued a
written order denying the motion for contempt and finding that the consent order
did not recognize an easement over the Conants' lot. Although the hearing on the
contempt motion had not been consolidated with the declaratory judgment action,
the court then went on to find that Beckerman also did not have an easement by
deed and concluded that "[b]ecause Beckerman has not shown that he has an
easement, the Court cannot find contempt."[2] Beckerman timely appealed the
order.

## II. DISCUSSION

[¶7] Beckerman contends that the court erred in denying his motion for
contempt because the consent order recognized that he had a right to use the
Conants' driveway. "We review a judgment of civil contempt for an abuse of
discretion, and the court's underlying factual findings for clear error."
*Waltz*, 2013 ME 1, ¶ 6, 58 A.3d 1127. A party moving for a contempt order must
prove "by clear and convincing evidence that the alleged contemnor failed or

---

[2] Although the consent order referred to a "deeded right-of-way," the court used that term interchangeably with the term "easement." For clarity, we will refer to the rights asserted by Beckerman as an easement.

refused to comply with a court order and presently has the ability to comply with that order." *Id.* (quotation marks omitted); *see* M.R. Civ. P. 66(d)(2)(D). Evidence is clear and convincing when it "provides the fact-finder with an abiding conviction that the truth of the proponent's contentions is highly probable." *Grondin v. Hanscom*, 2014 ME 148, ¶ 11, 106 A.3d 1150. To prevail on appeal, Beckerman must demonstrate that a contempt finding "was compelled by the evidence." *Cf. Handrahan v. Malenko*, 2011 ME 15, ¶ 13, 12 A.3d 79.

[¶8]  The court found that the language of the consent order was ambiguous and was not clearly intended to recognize an easement in favor of Beckerman over the Conants' driveway, and that Beckerman therefore had not proved clearly and convincingly that the Conants were in contempt. The evidence does not compel a different conclusion, for two reasons.

[¶9]  First, the court did not clearly err in finding that the parties to the consent order did not intend to affirmatively recognize that Beckerman had an enforceable easement over the Conants' lot. In his complaint, Beckerman did not assert that he had a right to use the Conants' driveway, and the evidence does not compel a finding that the parties intended to settle that issue when they entered into the consent order. Rather, the plain language of the order simply limits the order's effect by granting Beckerman new rights over the Pooler's lot without affecting any existing rights he may have had to use the driveway on the land now owned by

6

the Conants. The court therefore did not err in concluding that any right that Beckerman had to use the Conants' driveway did not flow from the consent order.

[¶10] Second, the consent order did not direct Rodney Pooler in definite terms to take any action with regard to the driveway or enjoin him from engaging in any conduct that could form the basis for finding that the Conants, as his grantees, are in contempt. *See* M.R. Civ. P. 66(d)(2)(D); *White v. Nason*, 2005 ME 73, ¶ 7, 874 A.2d 891 ("It is well established that before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties thereby imposed upon him." (Quotation marks omitted.)). Rather, the order is directed at Bruce and Cynthia Pooler, requiring them to convey an easement to Beckerman and enjoining them from interfering with that easement. Therefore, at the very least, the consent order did not clearly impose any duty or responsibility on Rodney Pooler, and the Conants cannot be held in contempt for violating the consent order. *See Banker v. Bath Iron Works Corp.*, 507 A.2d 602, 604-06 (Me. 1986) (vacating an order of contempt where the original court order was ambiguous).

[¶11] Once the court found that the consent order was ambiguous and did not recognize an easement in favor of Beckerman, it erred by reaching beyond the consent order to address the separate question of whether Beckerman had an easement by deed. To adjudicate the motion for contempt, the limited question

before the court was whether the *consent order* prohibited the Conants from interfering with Beckerman's use of their driveway. *See* M.R. Civ. P. 66(d)(2)(D). Once the court concluded that the consent order did not prohibit the Conants from doing so, the question of whether Beckerman had a deeded easement to the driveway became irrelevant to the disposition of the motion. Even if Beckerman did have a deeded easement, the Conants could only be found in contempt if the *consent order* clearly prohibited them from interfering with Beckerman's access, and the court had already concluded that it did not.

[¶12]  Because the court found that the consent order did not acknowledge that Beckerman had a right to use the Conants' driveway, any other property rights he may have had outside of the consent order had to be adjudicated in a separate action to clarify his rights. *See Hodgdon v. Campbell*, 411 A.2d 667, 669-70 (Me. 1980) (noting that "[a] proceeding for declaratory relief brought in accordance with the civil rules of procedure is a particularly efficacious method for quieting title to real property"). In fact, Beckerman had already commenced such an action. By reaching the question of whether Beckerman had an easement by deed, the court therefore erroneously exceeded the scope of the motion for contempt, *see* M.R. Civ. P. 66(d)(3), and issued an opinion that could only have an advisory effect, *see Dodge v. Norridgewock*, 577 A.2d 346, 347 (Me. 1990) (affirming the trial court's decision not to grant declaratory relief on the grounds

8

that it "would serve no useful purpose in the context of this case and would constitute an advisory opinion"); *Bar Harbor Banking & Trust Co. v. Alexander*, 411 A.2d 74, 78 (Me. 1980) (stating that, "aside from opinions properly rendered on solemn occasions, the judiciary has no power to issue advisory rulings" (citation omitted)).

[¶13]  Although parties may expressly or impliedly agree to litigate issues not raised in the pleadings, *see* M.R. Civ. P. 15(b), they did not do so here.  During the hearing, the parties engaged in a number of colloquies with the court about the parameters of the contempt hearing in relation to Beckerman's separate declaratory judgment action, and Beckerman objected that the court was veering into issues that were relevant only to the declaratory judgment action.  The court repeatedly stated that the hearing would be limited to the issues raised in the contempt motion and that it would not address issues bearing only on the declaratory judgment action.[3]  The parties therefore did not consent to resolving the issues raised in the declaratory judgment action at the contempt hearing.  *See DiBiase v. Universal Design & Builders, Inc.*, 473 A.2d 875, 877 (Me. 1984).

---

[3]  For example, the court described the relationship between the two cases as follows: "[O]ne of the directions I could go in . . . is find that there is a right there but it's not specific enough to hold anyone in contempt of it and that you need to explore more.  And that brings us to the other case."  Beckerman then stated, "But my understanding was when we came here today . . . we were coming only on the contempt motion because I certainly didn't prepare to try the other [case]."  In response, the court stated, "That's right and I'm not buying into his suggestion that we take up all the other stuff."  A few minutes later, Beckerman again raised his concern that they were "litigating the underlying issue."  In response, the court stated, "I understand[,] and to the extent [the Conants' attorney is] taking us beyond what I need to do—what I need to decide, this motion for contempt, he will be shot down."

[¶14] We note that any confusion about the scope of the contempt hearing could have been avoided had any of the parties sought to consolidate the hearings on the contempt motion and Beckerman's separate declaratory judgment action. *See* M.R. Civ. P. 42(a). As was suggested by the ongoing discussions at the motion hearing among the parties and the court about the scope of the hearing, the issues in the two actions are closely linked and involve many of the same issues of law and fact. *See id.* (allowing consolidation "[w]hen actions involving a common question of law or fact are pending before the court"). Consolidation would have preserved judicial resources and reduced the prospect that the court's analysis would extend to issues extrinsic to the contempt motion. At oral argument, Beckerman stated that he chose to litigate the two actions separately in the hopes of obtaining relief on the motion for contempt without having to litigate the other action, thus reducing his exposure to further litigation. Instead, the process chosen by the parties has achieved the opposite result, generating a two-day motion hearing, at least one appeal, and the remaining possibility of another trial.

### III. CONCLUSION

[¶15] For the foregoing reasons, we affirm the denial of the motion for contempt but vacate the court's determination that Beckerman does not have a deeded easement, leaving that issue to be resolved in the separate declaratory judgment action.

The entry is:

> Judgment vacated as to the determination that Beckerman does not have a deeded easement (sections 2(b) and 3 of the judgment). Judgment affirmed in all other respects.

---

**On the briefs and at oral argument:**

Alton C. Stevens, Esq., Marden, Dubord, Bernier & Stevens, P.A. LLC, Waterville, for appellant Peter M. Beckerman

André G. Duchette, Esq., Taylor, McCormack & Frame, LLC, Portland, for appellees Rick and Monica Conant

Kennebec County Superior Court docket number RE-2000-13
FOR CLERK REFERENCE ONLY