MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 53
Docket:        Yor-16-195
Submitted
  On Briefs:   February 23, 2017
Decided:       March 16, 2017

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


TOWN OF KITTERY

v.

JAMES M. DINEEN


ALEXANDER, J.

[¶1]   In this consolidated appeal, James M. Dineen challenges two Superior Court judgments (York County, *Fritzsche, J.*), addressing issues on abutting properties he owns at 40 Old Post Road (Mary's Store) and 42-44 Old Post Road (the Bus Lot) in Kittery.[1]   First, Dineen appeals from a March 31, 2016, judgment finding him in contempt for violation of a June 19, 2015, procedural order for failure to remove a burnt bus from the Mary's Store property.   Second, Dineen challenges the court's affirmance of the Kittery Town Council's finding that the Mary's Store structure constitutes

---

[1]  The building on the 40 Old Post Road property is often referred to as "Mary's Store" and the 42-44 Old Post Road property is often referred to as "the Bus Lot." Mary's Store was formerly 38 Old Post Road, and the Bus Lot was formerly 40-42 Old Post Road prior to the parcels on the street being renumbered.

2

a dangerous building pursuant to 17 M.R.S. § 2851 (2016), and ordering that it be demolished.

[¶2]  On appeal Dineen argues that the court erred in finding him in contempt of the June 19, 2015, order because (1) the court lacked subject matter jurisdiction over the Mary's Store property, (2) the motion to extend existing orders to the Mary's Story property was abandoned by the Town and is barred by laches, (3) the court exceeded the scope of the order, and (4) the language in the order is overbroad and unlawful.  Dineen also argues that the judgment affirming the finding that Mary's Store is a dangerous building and must be demolished is not supported by substantial evidence in the record, and that the court erred in failing to consider less destructive alternatives to limit danger to the public.  We affirm both judgments.

## I.  CASE HISTORY

### A.    Contempt

[¶3]  The contempt judgment is based on Dineen's failure to comply with the court's June 19, 2015, order, which required him to remove a burnt bus and a bread van from the Mary's Store property at 40 Old Post Road. Following a hearing, the court found the following facts, "which are viewed in

the light most favorable to support the trial court's judgment." *MacMahon v. Tinkham*, 2015 ME 9, ¶ 4, 109 A.3d 1141.

[¶4]  This action commenced in 1985 when the Town of Kittery filed a complaint for declaratory and injunctive relief, alleging that Dineen—through his business Dineen Bus Lines—was operating an automobile junk yard and maintaining a nuisance by keeping a substantial number of worn out or junked buses and other vehicles on the Bus Lot property at 42-44 Old Post Road.  Dineen also owns the abutting Mary's Store property, which contains a badly dilapidated building and the burnt bus at issue in this appeal.

[¶5]  The Town was granted leave to file a motion to extend all existing orders to the Mary's Store property on March 13, 1998.  On July 1, 1999, and May 21, 2002, the Superior Court (*Crowley, J.*) issued orders appointing receivers to monitor Dineen's compliance with various court orders and injunctions issued pertaining to the Bus Lot.  After the motion to extend was filed, on July 28, 2008, the court issued an order by agreement that appointed a new receiver to monitor and enforce the previous court orders.[2]  In accordance with that order, the appointed receiver filed five reports

---

[2] In that order, the court also issued a 180-day stay on the Town's motion to extend the previous orders to the Mary's Store property.  In the March 31, 2016, judgment finding contempt, the court noted that "[d]ue to initial progress the temporary stay has in effect become a multi-year stay of pending motions and proceedings."

4

indicating that "Dineen has gradually become increasingly out of compliance as the number of junk or inoperable buses increased."

[¶6]  The court held a hearing in 2012, and issued an order addressing the noncomplying vehicles; Dineen did not comply with that order.  In May 2015, the Town of Kittery filed a motion to renew its previously filed requests for relief, which had been stayed since 2008.  The motion sought to extend the orders dealing with the Bus Lot property to the Mary's Store property, as the business and junk buses had partially migrated onto the Mary's Store property.

[¶7]  The court (*Fritzsche, J.*) met with the parties on June 19, 2015, on the Town's motion to renew previously filed requests for relief.  The parties reached an agreement, and the court memorialized that agreement in the procedural order.  That order required, among other things, that Dineen remove the burnt bus from the Mary's Store property and put nothing in its place.

[¶8]  After that order issued, Dineen filed an untimely motion to vacate the order, and the Town filed a motion for contempt.  A hearing on the motions was held on March 25, 2016.  By order dated March 31, 2016, the court found that Dineen had made no meaningful effort to remove the burnt

bus despite his ability to do so.  Accordingly, the court granted the Town's motion to extend and renew previously filed requests for relief; denied Dineen's motion to vacate; and found Dineen in contempt for violation of the June 19, 2015, order.  The court ordered that "unless the burnt bus is removed in its entirety by noon on June 30, 2016, James Dineen shall report to the York County Jail . . . to serve 14 days," but Dineen could remove the burnt bus and purge himself of the contempt by June 30, 2016.  The judgment also awarded attorney fees to the Town.[3]  Dineen timely appealed.  *See* 14 M.R.S. § 1851 (2016); M.R. App. P. 2(b)(3).

B.    Dangerous Building

[¶9]  Dineen also appeals from the judgment affirming the decision and order of the Kittery Town Council (the Town Council) determining that a structure on the Mary's Store property was a dangerous building as defined by 17 M.R.S. § 2851, and must be demolished.  The following facts are drawn from the decision and order of the Town Council and are supported by the administrative record.  *See* M.R. Civ. P. 80(B)(f); *Osprey Family Tr. v. Town of Owls Head*, 2016 ME 89, ¶ 2, 141 A.3d 1114.

---

[3]  In its brief on appeal, the Town represents that the bus was removed from the Mary's Store property on or before June 30, 2016, and suggests that the contempt action is therefore moot. Dineen presses his appeal of the contempt finding, which remains viable on review because there is no proof on the available record that the bus was removed and because attorney fees were awarded.

6

[¶10]  Dineen is the owner of 40 Old Post Road, which contains a building commonly referred to as "Mary's Store."  Mary's Store is a dilapidated structure in a state of gross disrepair.  The structure is a one-story building with a basement.  A very large section of the first floor has fallen into the basement, and more of the floor is likely to fall if any weight is placed on it.  Some of the ceiling and floor joists have started to break and show signs of collapsing.  The walls have buckled and caused the structural integrity of the building as a whole to be compromised.  There has been no power or heat to the structure over the past decade.

[¶11]  The building is near a local skating pond and is easily accessible to children or other trespassing third parties.  Any rescue efforts requiring entry into the building would be dangerous to responding firefighters or police officers.

[¶12]  The last time Dineen was in the structure—six months prior to the hearing—he had to walk carefully around the edges of the floor because much of it had collapsed into the basement and he did not want to fall in.  Dineen admitted that he has sufficient funds to have the building demolished, but he does not want to do so.

[¶13]  On March 9, 2015, the Town Council held a properly noticed hearing to determine whether the Mary's Store structure constituted a dangerous building pursuant to 17 M.R.S. § 2851.  All fact witnesses were sworn and testified under oath.  The Town had five witnesses: the Town Clerk, the Fire Chief, the Police Chief, the Code Enforcement Officer, and one member of the public.  Dineen appeared and testified on his own behalf.

[¶14]  By decision and order dated April 13, 2015, the Town Council concluded that there is "no doubt that the property is a 'dangerous building' within the meaning of the statute as it is without question structurally unsafe, unstable, unsanitary, and constitutes a health and safety hazard to the public," and it ordered the building demolished.  Dineen appealed the order to the Superior Court, *see* M.R. Civ. P. 80B, which affirmed the Town Council's judgment.  Dineen timely appealed that decision.  *See* 14 M.R.S. § 1851; M.R. App. P. 2(b)(3).

## II.  LEGAL ANALYSIS

### A.    Contempt

[¶15]  The Town suggests that the issue of contempt is moot because Dineen purged the contempt when he removed the burnt bus at issue from his property prior to the court-established deadline.  There is nothing in the

8

record, however, to demonstrate that the bus has, in fact, been removed, and the attorney fees award assessed in the judgment finding contempt presents a live controversy.[4] *See Carroll F. Look Constr. Co. v. Town of Beals*, 2002 ME 128, ¶ 6, 802 A.2d 994 (observing that an issue is not moot if the litigant has an ongoing stake in the controversy).

[¶16]  Dineen argues that the court erred in finding him in contempt of the June 19, 2015, procedural order because (1) the court did not properly have subject matter jurisdiction over the Mary's Store property, (2) the motion to extend existing orders to the Mary's Store property was abandoned by the Town and is barred by laches, (3) the court exceeded the scope of the order, and (4) the language in the order is overbroad and unlawful.

[¶17]  We review a judgment of contempt for an abuse of discretion and the underlying factual findings for clear error.  *See Beckerman v. Pooler*, 2015 ME 80, ¶ 7, 119 A.3d 74.  "A party moving for a contempt order must prove by clear and convincing evidence that the alleged contemnor failed or refused to comply with a court order and presently has the ability to comply with that order." *Id.*; *see* M.R. Civ. P. 66(d)(2)(D).

---

[4]  Apart from challenging the contempt judgment, without which no attorney fees would have been awarded, Dineen does not separately challenge the award of attorney fees on appeal.  The court did not abuse its discretion in its award of attorney fees to the Town. *See Town of Freeport v. Ocean Farms of Me., Inc.*, 633 A.2d 396, 399 (Me. 1993).

[¶18]   "Whether a court has subject matter jurisdiction is a question of law that we review de novo." *See Windham Land Tr. v. Jeffords*, 2009 ME 29, ¶ 19, 967 A.2d 690.  "The Superior Court is a court of general jurisdiction and has jurisdiction to grant equitable relief." *Id.* ¶ 21; *see* 4 M.R.S. § 105 (2016); 14 M.R.S. § 6051 (2016).  This includes cases of nuisance and waste.  *See* 14 M.R.S. § 6051(5).

[¶19]   Dineen challenges the trial court's subject matter jurisdiction, arguing that the Mary's Store property was not subject to the court's June 19, 2015, order because the Mary's Store property was not the subject of the complaint initially filed in this case.  Dineen, however, consented to the order requiring the removal of the burnt bus from the Mary's Store property.  This was the result of an "affable and productive conference" after which the trial court incorporated the agreement of the parties into the June 19, 2015, order.  Because Dineen consented to the removal of the burnt bus and the Superior Court is a court of general jurisdiction and may grant equitable relief in cases of nuisance—as in this case—there is no jurisdictional issue.  Given the agreement of the parties that resulted in the order requiring the removal of the bus from the Mary's Store property, the contempt finding for Dineen's failure to remove the bus did not exceed the scope of that order.  The language

in the order requiring that no other vehicles be put in place of the burnt bus is not overbroad, the mandatory language is clear on its face—no replacement vehicles—and it was explicitly agreed to by the parties.

[¶20] Dineen's laches argument also fails. "Laches is an omission to assert a right for an unreasonable and unexplained period of time under circumstances prejudicial to the adverse party." *Town of Falmouth v. Long*, 578 A.2d 1168, 1170 (Me. 1990). Here, the Town did act regarding the Bus Lot property between March 13, 1998, when the Town was granted leave to file the motion to extend all existing orders to the Mary's Store property, and April 25, 2008, the date the motion to extend existing orders was filed. As the trial court observed, much has occurred during the life of this case, including progression through several Superior Court justices, multiple appeals to this Court, appointment of receivers, issuance of injunctions, and findings of contempt.

[¶21] The court further noted that "[t]here were periods of harmony and progress in bringing the property into compliance, but substantial recent back sliding and resumed procrastination now exists." The delay, therefore, is not "unexplained" or "unreasonable." The Town has not slept on its rights, but rather has given Dineen substantial time to bring his properties into

compliance with existing court orders. While at times it appeared that Dineen was attempting to comply with the court orders, he never fully did so.

[¶22] Further, the only prejudice alleged by Dineen is that he had "conducted himself on the belief that Mary's Store was not part of [this litigation], which was justifiable in light of the 18 year delay." Despite this assertion, the judgment finding contempt was premised on the June 19, 2015, order that was reached by agreement of the parties and required the removal of the burnt bus from the Mary's Store property. As he agreed to the contents of the order that he ultimately violated, it is difficult to see how Dineen is prejudiced.

[¶23] There is competent evidence in the record to support the court's finding that, at the time of the hearing, Dineen had not removed the burnt bus from the Mary's Store property, had the ability to remove it, and affirmatively chose not to do so. Therefore, the trial court did not abuse its discretion or clearly err in finding Dineen in contempt for violating the June 19, 2015, procedural order.

B.     Dangerous Building

[¶24] Dineen argues that the Town Council's decision that the Mary's Store building was dangerous was not supported by substantial evidence in

the record. He further argues that the order of the Town Council to demolish the building amounted to an abuse of discretion because there were less drastic measures available.

[¶25] "When reviewing administrative findings of fact, we examine the entire record to determine whether, on the basis of all the testimony and exhibits before it, the [Town Council] could fairly and reasonably find the facts as it did." *Beal v. Town of Stockton Springs*, 2017 ME 6, ¶ 26, --- A.3d ---. We must affirm the findings of fact if they are supported by any competent evidence in the record, even if evidence contrary to the result reached by the agency exists. *Id.* "'Substantial evidence exists when a reasonable mind would rely on that evidence as sufficient support for a conclusion.'" *Id.* (quoting *Osprey Family Tr.*, 2016 ME 89, ¶ 9, 141 A.3d 1114).

[¶26] Here, the evidence presented to the Town Council is substantial, and despite Dineen's arguments to the contrary, "a reasonable mind would rely on that evidence as sufficient support for a conclusion." *Beal*, 2017 ME 6, ¶ 26, --- A.3d ---. The Kittery Fire Chief—who has served in that position for seventeen years—testified that Mary's Store is a dilapidated structure with numerous structural deficiencies and fire hazards. The Kittery Police Chief and Code Enforcement Officer agreed with these observations. Dineen

himself acknowledged that a large portion of the first floor has collapsed into the basement. Both the Fire Chief and the Police Chief indicated that the building would be easily accessible to trespassers, and any rescue efforts needed as a result of trespass would be dangerous to responding firefighters or police officers.

[¶27] There was substantial evidence in the record to support the Town Council's findings of fact and ultimate determination that the Mary's Store structure constituted a dangerous building within the meaning of 17 M.R.S. § 2851.[5] Further, after making such a finding, the Town Council did not abuse its discretion in ordering the building to be be demolished, as the Town was authorized by statute to do. *See* 17 M.R.S. § 2851 (stating that when a municipality determines that a structure qualifies as a dangerous building, it can issue "an order prescribing what disposal must be made of that building or structure").

---

[5] The Town Council needed to find only one of the conditions that make a building dangerous pursuant to 17 M.R.S. § 2851 (2016), and here it found several: the building is structurally unsafe, unstable, unsanitary, and constitutes a hazard to the public. Although the testimony about the unsanitariness of the structure, namely whether the sewer line was capped, may have been speculative, the remaining findings that the building is structurally unsafe, unstable, and constitutes a hazard to the public are all strongly supported by substantial evidence in the record.

The entry is:

> Judgments affirmed. Remanded to the Superior Court for a determination of the amount of attorney fees on the contempt judgment.

---

James M. Dineen, appellant, pro se

William H. Dale, Esq., and Mark A. Bower, Esq., Jensen Baird Gardner & Henry, Portland, for appellee Town of Kittery